COURT OF APPEALS OF VIRGINIA


Present: Judges Coleman, Willis and Elder
Argued at Salem, Virginia


LEANGELO MAURICE HALL

                                      MEMORANDUM OPINION* BY
v.    Record No. 1375-99-3          JUDGE JERE M. H. WILLIS, JR.
                                          OCTOBER 31, 2000
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                    Richard S. Miller, Judge

          James C. Reeves, III, for appellant.

          Donald E. Jeffrey, III, Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     On appeal from his bench trial conviction for malicious

wounding, in violation of Code § 18.2-51, Leangelo Maurice Hall

contends that the evidence is insufficient to prove: (1) that

he caused bodily injury; and (2) that he possessed the requisite

intent "to maim, disfigure, disable, or kill." We affirm the

judgment of the trial court.

                                I.

     "On appeal, we review the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable

inferences fairly deducible therefrom." Martin v. Commonwealth,

4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). "We will not

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

reverse the judgment of the trial court, sitting as the finder of fact in a bench trial, unless it is plainly wrong or without evidence to support it." Reynolds v. Commonwealth, 30 Va. App. 153, 163, 515 S.E.2d 808, 813 (1999) (citation omitted).

On December 1, 1998, Tony Randolph Hunter was walking to the store when he encountered Hall and two other men, Adrian Cruz and Ricardo Cruz. Following an argument, Hunter ran away. Adrian Cruz, however, caught Hunter and slammed him to the curb breaking his arm. Hunter was unconscious for a few minutes. When he regained consciousness, Hall was "stomping" his injured arm from his elbow to his hand and the other two men were "standing back, watching while the attack took place." Hunter pleaded with Hall to stop because his arm was "broken," but Hall said "he didn't care," continuing to stomp Hunter's arm. Hunter testified that he had a "print" on his knuckles and that as a result of his injuries, he could not move his hand.

Dr. Michael J. Dimnick, an orthopedic surgeon, testified that Hunter suffered a transverse fracture of his humerus and damage to his radial nerve. The nerve damage precluded Hunter from twisting his wrist or moving his fingers. Dr. Dimnick testified that Hunter would not regain "full use" of his hand. He testified that the humerus injury was consistent with someone jumping on the arm if it were lying flat or with Hunter's being thrown to a hard surface.

-

At the conclusion of the Commonwealth's evidence and again at the conclusion of all the evidence, Hall moved the court to strike the evidence and to reduce the charge from aggravated malicious wounding to assault and battery. The Commonwealth argued that Hall had acted in concert with Ricardo and Adrian Cruz and that Hall had aggravated the injury caused by Cruz's slamming Hunter to the curb. At no time during his motion to strike did Hall contend that proof of a specific intent to "maim, disable, disfigure, or kill" was insufficient to support a malicious wounding conviction. Rather, he argued only that Hall caused no bodily injury to Hunter.

The trial court held that the evidence was insufficient to convict Hall of aggravated malicious wounding. However, it found the evidence sufficient to convict Hall of the lesser-included offense of malicious wounding because "the stomping on the complaining witness's lower arm in the manner which it was done was with the intent to disable the victim in the case with the intent reckless to establish malicious wounding."

## II.

Hall first contends that the evidence fails to show that he inflicted any bodily injury. We disagree.

Viewed in the light most favorable to the Commonwealth, the evidence supports an inference that Hall acted in concert with Adrian and Ricardo Cruz to cause bodily injury to Hunter. An

-

argument broke out among the four men. Hunter ran and was chased by the other three men. Adrian Cruz caught him first and slammed him to the curb. Then, Ricardo Cruz caught up and jumped on Hunter punching him until he was rendered unconscious. When Hunter regained consciousness, Hall was "stomping" his injured arm while Adrian and Ricardo Cruz stood by watching. Immediately thereafter, Hall, Adrian Cruz and Ricardo Cruz fled the scene. Hunter was left with a "print" on his knuckles, a fractured humerus and radial nerve damage. In the doctor's opinion, Hunter will not regain full use of his hand.

The foregoing evidence supports the conclusion that Hall, acting in concert with Adrian and Ricardo Cruz, caused Hunter bodily injury. Moreover, the evidence that Hunter had a "print" on his knuckles supports the conclusion that Hall's personal conduct caused bodily injury.

The trial court was not required to believe Hall's testimony that the bottom of his shoe touched Hunter's hand only once. In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that he or she is lying to conceal his or her guilt. See Speight v. Commonwealth, 4 Va. App. 83, 88, 354 S.E.2d 95, 98 (1987) (en banc). The trial court believed Hunter's testimony and did not accept Hall's version of the incident. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who

-

has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995) (citations omitted).

### III.

Hall next contends that the evidence was insufficient to support his conviction because it failed to prove that he possessed the requisite intent to "maim, disfigure, disable, or kill" as required by Code § 18.2-51. Hall failed to preserve this issue. Thus, Rule 5A:18 bars our review.

We will not consider trial court error as a basis for reversal where no timely objection was made, except to attain the ends of justice. Rule 5A:18. "Where an appellant makes a general objection to the sufficiency of the evidence that '[does] not specify in what respects [appellant] considered the evidence to be insufficient to prove [the charged offense,] . . . the issue of whether the evidence was insufficient to prove a particular [unmentioned] element of the offense was not properly preserved.'" Marshall v. Commonwealth, 26 Va. App. 627, 636, 496 S.E.2d 120, 124 (1998) (quoting Redman v. Commonwealth, 25 Va. App. 215, 220, 487 S.E.2d 269, 272 (1997)).

Although Hall moved to strike, he failed to assert specifically that the evidence was insufficient to prove an intent to "maim, disable, disfigure, or kill." The ends of justice exception does not apply because the record does not show that Hall "was convicted for conduct that was not a

-

criminal offense[,] or . . . that an element of the offense did not occur." Redman, 25 Va. App. at 221-22, 487 S.E.2d at 272-73.

For the reasons set forth above, we affirm the judgment of the trial court.

Affirmed.