COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Coleman and Willis
Argued at Salem, Virginia


RONALD EUGENE REDMAN
                                          OPINION BY
v.        Record No. 1316-96-3    JUDGE SAM W. COLEMAN III
                                          JULY 15, 1997
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
                Clifford R. Weckstein, Judge

        Wayne D. Inge for appellant.

        John H. McLees, Jr., Assistant Attorney
        General (James S. Gilmore, III, Attorney
        General, on brief), for appellee.


     Ronald Eugene Redman was convicted in a bench trial for

being an accessory after the fact to breaking and entering and to

felony property damage.  He contends on appeal that the evidence

was insufficient to prove two essential elements of the crime.

Because Redman failed to move to strike the evidence or to set

aside the verdict on this ground, Rule 5A:18 bars our

consideration of his insufficient evidence claim.  We also find

no merit in Redman's claim that the trial court erred by

considering his refusal to consent to a warrantless search of his

home as proof that he was an accessory after the fact to a

breaking and entering and felony property damage.  Accordingly,

we affirm the conviction.

     The initial issue that we decide is the scope of the

limitation upon the Court of Appeals to consider a trial court

error to which no contemporaneous objection was made.  Rule 5A:18

provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."  The defendant contends that his general motion to strike the evidence for insufficiency was adequate to preserve the issue for appeal; however, he acknowledges that he did not specifically assign as the ground in support of his motion to strike that the evidence was insufficient to prove either of two essential elements of the offense.  The defendant does not contend that good cause existed for his failing to timely object to the alleged error.  Instead, he asks this Court to invoke the ends of justice exception and to consider the merits of his appeal.

In order to invoke the ends of justice exception, we must review the record to determine whether a miscarriage of justice has occurred.  See Johnson v. Commonwealth, 5 Va. App. 529, 532, 365 S.E.2d 237, 239 (1988).  The only witness, Officer Boucher of the Roanoke City Police Department, testified that he was assisting Officer Engel in searching for Charles Mason Dunlap, who was wanted on a burglary charge.  After Officer Engel obtained burglary and felony property damage warrants for Dunlap's arrest, he and Officer Boucher, accompanied by four additional officers, went to the defendant's home in an effort to locate and arrest Dunlap.  As they approached the door, Officer

Boucher could see through a window and saw the defendant, Dunlap, and another man. When Boucher knocked on the door, Dunlap disappeared from sight and someone closed the curtains. When the defendant answered the door, Boucher told him they had two arrest warrants for Charles Dunlap and asked the defendant to send Dunlap out. The defendant responded that Dunlap was not present and refused to allow the officers to enter his home without a search warrant to search for Dunlap. Officer Boucher went to obtain a search warrant while the other officers kept watch at the defendant's home. Boucher returned with the warrant and again asked the defendant to send Dunlap out. The defendant again replied that Dunlap was not present. The officers searched the house and found Dunlap secreted in a heating duct in the floor. The defendant was charged with being an accessory after the fact to burglary and felony property damage.

> The definition of an accessory after the fact is one of ancient origin. "To constitute one an accessory after the fact, three things are requisite: 1. The felony must be completed; 2. He must know that the felon is guilty; 3. He must receive, relieve, comfort or assist him. It is necessary that the accessory have notice, direct or implied, at the time he assists or comforts the felon, that he has committed a felony."

Manley v. Commonwealth, 222 Va. 642, 644-45, 283 S.E.2d 207, 208 (1981) (quoting Wren v. Commonwealth, 67 Va. (26 Gratt.) 952, 956 (1875)). By definition, a person cannot be an accessory without the existence of a principal offender. Although conviction of the principal is not a condition precedent to conviction of an

accessory, Code § 18.2–21, conviction of an accessory requires proof that the crime has been committed by a principal. <u>Snyder v. Commonwealth</u>, 202 Va. 1009, 1017, 121 S.E.2d 452, 458 (1961).

At trial, the Commonwealth offered no evidence to prove that Dunlap had committed the felonies for which the officers had obtained arrest warrants. Also, the Commonwealth offered no direct evidence that the defendant knew Dunlap had committed the crimes. After the Commonwealth rested, the defense counsel made a general motion to strike the evidence, stating,

> I believe what we have here is a case in which perhaps one or maybe two counts of giving false information to a police officer. I do not believe under the stated facts here that we have a situation where Mr. Redman is an accessory after the fact to the crime of breaking and entering and the felony property damage. I also would like to point out to the Court that Mr. Redman was fully within his rights to refuse to consent to search.

The trial court overruled the motion to strike. Thereafter, the defendant presented no evidence, renewed his motion to strike, and relied on counsel's prior argument in support of the motion. The trial court again denied the motion to strike and found the defendant guilty. No motion to set aside the verdict was filed.

The defendant's motion to strike did not specify in what respects the defendant considered the evidence to be insufficient to prove that the defendant was an accessory after the fact. Thus, the issue of whether the evidence was insufficient to prove a particular element of the offense was not properly preserved. Therefore, Rule 5A:18 bars review of the issue unless the ends

of justice mandate our consideration of the issue.

Under Rule 5A:18, we do not consider trial court error as a basis for reversal where no timely objection was made except in extraordinary situations to attain the ends of justice.

> The laudatory purpose behind Rule 5A:18 . . . is to require that objections be promptly brought to the attention of the trial court with sufficient specificity that the alleged error can be dealt with and timely addressed and corrected when necessary. The rules promote orderly and efficient justice and are to be strictly enforced except where the error has resulted in manifest injustice.

Brown v. Commonwealth, 8 Va. App. 126, 131, 380 S.E.2d 8, 10 (1989). Because errors can usually be corrected in the trial court, "we will notice error for which there has been no timely objection only when necessary to satisfy the ends of justice." Id.

"[T]he ends of justice exception is narrow and is to be used sparingly . . . ." Id. at 132, 380 S.E.2d at 10. "[I]t is a rare case in which, rather than invoke Rule [5A:18], we rely upon the exception and consider an assignment of error not preserved at trial . . . ." Jimenez v. Commonwealth, 241 Va. 244, 249, 402 S.E.2d 678, 680 (1991). In order to avail oneself of the exception, a defendant must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage might have occurred. Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987). The trial error must be "clear, substantial and material." Brown, 8 Va. App. at 132, 380 S.E.2d

at 11.

In order to invoke the ends of justice exception when sufficiency of the evidence has been raised for the first time on appeal, an appellant must do more than show that the Commonwealth failed to prove an element or elements of the offense. Otherwise, we would be required under the ends of justice exception to address the merits of every case where a defendant has failed to move to strike the Commonwealth's evidence as being insufficient to prove an element of the offense. Such a rule would obviate the requirement for making an adequate motion to strike or a contemporaneous objection that the evidence was insufficient. See Campbell v. Commonwealth, 14 Va. App. 988, 996-97, 421 S.E.2d 652, 657 (1992) (Barrow, J., concurring). This type of broad application of the ends of justice exception would undermine the trial court's ability to correct errors in the trial court and thereby frustrate the ends of justice, not prevent a miscarriage of justice. Further, such an expansion of the exception would also encourage trial counsel to stand mute or make an inadequate motion to strike, thereby knowingly inviting the trial judge to commit error without having a sufficient opportunity to rule upon the issue.

In order to show that a miscarriage of justice has occurred, an appellant must demonstrate more than that the Commonwealth failed to prove an element of the offense. We will not invoke the exception if the record suggests that the Commonwealth merely

inadvertently or unknowingly failed to adduce adequate proof of an element of the offense.  In order to show that a miscarriage of justice has occurred, thereby invoking the ends of justice exception, the appellant must demonstrate that he or she was convicted for conduct that was not a criminal offense or the record must affirmatively prove that an element of the offense did not occur.  For example, in Jimenez v. Commonwealth, the evidence proved that the defendant received an oral request for the return of advance money but no written request was made as required by Code § 18.2-200.1.  The Supreme Court invoked the ends of justice exception to reverse the defendant's conviction, finding that because the jury was not instructed that written notice was an element of the offense and because the Commonwealth failed to prove written notice as an element of the statutory offense, the defendant was convicted of a "non-offense." Jimenez, 241 Va. at 251, 402 S.E.2d at 681.  In other words, the defendant was convicted for conduct that was not criminal under the statute.

In Reed v. Commonwealth, 6 Va. App. 65, 72, 366 S.E.2d 274, 278 (1988), we invoked the ends of justice exception in a criminal trespass case where the uncontroverted evidence proved that the defendant had a good faith claim of right to be on the property, thereby negating the requisite intent for criminal trespass.  To have allowed the conviction to stand would have been a miscarriage of justice because the evidence affirmatively

showed that no crime had been committed.  Similarly, in <u>Johnson</u>
<u>v. Commonwealth</u>, the defendant was convicted of aggravated sexual
battery even though the Commonwealth's evidence proved that the
defendant did not use force to accomplish an unlawful touching of
a fourteen-year-old.  We invoked the ends of justice exception to
Rule 5A:18 to reverse the defendant's conviction because the
evidence proved that an essential element did not occur.
<u>Johnson</u>, 5 Va. App. at 534-35, 365 S.E.2d at 240.  Thus, in
<u>Johnson</u>, the evidence proved that the charged offense did not
occur.

In each of these cases, unlike the present case, some factor
other than the Commonwealth's <u>failure</u> to offer proof on an
element of the crime required the appellate courts of the
Commonwealth to disregard the defendant's failure to preserve the
issue for appeal.  In every case in which the ends of justice
exception has been applied, the Commonwealth's evidence either
proved that an essential element of the offense had not occurred
or, as in <u>Jimenez</u>, the defendant was convicted for conduct that
was not criminal.

In this case, although the Commonwealth may have failed to
prove that Dunlap had committed a burglary and destroyed property
or that the defendant knew that Dunlap had committed the crimes,
the evidence did not affirmatively show that a burglary had not
occurred or that the defendant did not know that Dunlap had
committed the felony.  In fact, the evidence proved that the

- 8 -

officers told the defendant that they had felony warrants for Dunlap. Accordingly, the evidence proved that the defendant knew that Dunlap was charged with a felony at the time he was secreting or harboring Dunlap.

Although this circumstantial evidence may have given rise to an inference that the defendant knew that Dunlap may have committed a felony, it was insufficient to prove beyond a reasonable doubt that Dunlap had committed a burglary or that the defendant knew that Dunlap had committed a burglary. The Commonwealth's failure to present sufficient evidence to prove these two elements demonstrates only that a miscarriage of justice may have occurred, not that a miscarriage of justice did occur. Had the defendant made a timely motion to strike the evidence, setting forth the specific grounds therefor, the trial court would have had the opportunity to address the issue by permitting the Commonwealth to reopen and correct the omission, if it be such, or to strike the evidence for lack of proof of a material element. See Hargraves v. Commonwealth, 219 Va. 604, 608, 248 S.E.2d 814, 817 (1978). Accordingly, because no miscarriage of justice occurred, we will not consider Redman's claim that the evidence was insufficient.

As to the defendant's contention that he was convicted of being an accessory after the fact because he exercised his constitutional right under the Fourth Amendment to require a warrant to search his home, we find that the claim is without

merit.  The trial court expressly noted that the defendant had the right to refuse to submit to a warrantless search of his home and the court did not consider his refusal as evidence in the case.  However, the right of privacy in one's home does not authorize one to harbor a criminal in the privacy of one's home.

Accordingly, we affirm the defendant's conviction.

<u>Affirmed</u>.