COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Elder and Annunziata
Argued at Richmond, Virginia


MILTON NORMAN WOODSON

                                        MEMORANDUM OPINION[*] BY
v.    Record No. 0140-98-2               JUDGE LARRY G. ELDER
                                            MARCH 2, 1999
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                        Robert W. Duling, Judge

            I. Scott Pickus (Jackson, Pickus & Associates,
            P.C., on briefs), for appellant.

            Jeffrey S. Shapiro, Assistant Attorney General
            (Mark L. Earley, Attorney General; Lisa R.
            McKeel, Assistant Attorney General, on brief),
            for appellee.


     Milton Norman Woodson (appellant) appeals from his bench

trial conviction for felony child neglect under Code

§ 18.2-371.1(B).  On appeal, he contends the evidence was

insufficient to support his conviction because it failed to prove

(1) that he was a "parent, guardian or other person responsible

for the care of [the] child" he was convicted of neglecting and

(2) that his acts were so gross, wanton and culpable as to show a

reckless disregard for human life.  For the reasons that follow,

we disagree and affirm the conviction.

     Under familiar principles of appellate review, we examine

the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible

        *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

therefrom.  See Martin v. Commonwealth, 4 Va. App. 438, 443, 358
S.E.2d 415, 418 (1987).  The judgment of a trial court, sitting
without a jury, is entitled to the same weight as a jury verdict
and will be disturbed only if plainly wrong or without evidence
to support it.  See id.  The credibility of a witness, the weight
accorded the testimony, and the inferences to be drawn from
proven facts are matters solely for the fact finder's
determination.  See Long v. Commonwealth, 8 Va. App. 194, 199,
379 S.E.2d 473, 476 (1989).

Code § 18.2-371.1(B) provides as follows:

> Any parent, guardian, or other person
> responsible for the care of a child under the
> age of eighteen whose willful act or omission
> in the care of such child was so gross,
> wanton and culpable as to show a reckless
> disregard for human life shall be guilty of a
> Class 6 felony.

A.

APPELLANT'S STATUS AS PERSON RESPONSIBLE FOR VICTIM'S CARE

Appellant contends on appeal that the evidence was
insufficient to prove he was a "person responsible," within the
meaning of Code § 18.2-371.1(B), for the care of Alan, the child
he was convicted of neglecting.  Appellant contends on brief that
he adequately preserved this issue for appeal when he twice moved
to strike the Commonwealth's evidence and contends that, even if
he did not, the ends of justice mandate this Court's
consideration of that issue on appeal.

Rule 5A:18 provides that "[n]o ruling of the trial court
. . . will be considered as a basis for reversal unless the

objection was stated with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."  Under this Rule, a motion to strike the evidence offered to prove one element of an offense is insufficient to preserve for appeal a challenge to another element of that same offense.  See Redman v. Commonwealth, 25 Va. App. 215, 220, 487 S.E.2d 269, 272 (1997). Here, appellant's motion to strike and brief closing argument covered only the credibility of the witnesses and the sufficiency of the evidence to prove that appellant's acts or omissions showed a reckless disregard for human life.  Appellant never challenged the sufficiency of the evidence to prove his status as a "person responsible" within the meaning of the statute.

Nor does the ends of justice exception require us to consider this issue on appeal.  To invoke the ends of justice exception, an appellant must show "more than that the Commonwealth failed to prove an element of the offense. . . . [T]he appellant must demonstrate that he or she was convicted for conduct that was not a criminal offense[,] or the record must affirmatively prove that an element of the offense did not occur."  Id. at 221-22, 487 S.E.2d at 272-73.

Here, the evidence does not disprove the challenged element of the offense--appellant's status as a parent, guardian or person responsible for Alan's care; in fact, it tends to prove that appellant may have been a person responsible for Alan's care

within the meaning of the statute.[1]  Appellant was married to Alan's adult sister, Mia Woodson (Woodson), and allowed Alan and Ivy, Alan's and Woodson's sister, to live in their home. Appellant admitted that he and Woodson jointly provided food, shelter and medical treatment for Alan, Ivy and appellant's and Woodson's son, Marvin.  Appellant also testified that he (1) went to Alan's school when Alan exhibited some behavior problems, (2) "spank[ed]" Alan on November 8, 1996, (3) often told Woodson how to discipline Alan, (4) restricted Alan's activities in Woodson's absence, and (5) made sure that Alan completed his chores.  Finally, Woodson testified that both Ivy and Alan disliked appellant because he "establishe[d] authority" and set rules for the children.  Because the evidence, viewed in the light most favorable to the Commonwealth, failed to establish that appellant was not a responsible person within the meaning of

---

[1]We assume without deciding that one may become a person responsible for the care of a minor, as described in the statute, voluntarily through a course of conduct and without court order or other legal documentation.  See Krampen v. Commonwealth, ___ Va. App. ___, ___ S.E.2d ___ (Feb. 9, 1999) (holding that legal custody of child is not required for conviction under Code § 18.2-370.1, which refers to "[a]ny person eighteen years of age or older who maintains a custodial or supervisory relationship over a child under the age of eighteen" and that statute applies to any person in a "temporary, custodial relationship with the child," including person whom parent gave permission to drive child home from church).

the statute, the ends of justice exception to Rule 5A:18 does not require us to consider the merits of this issue on appeal.[2]

B.

PROOF OF APPELLANT'S ACTS

Appellant contends the evidence was insufficient as a matter of law to prove that his acts were so gross, wanton and culpable as to show a reckless disregard for human life. He contends that the photographs of Alan's injuries, even coupled with Alan's testimony, were insufficient to meet the statutory standard because no medical or other evidence permitted the court to ascertain whether the injuries were "life-threatening in severity." Therefore, he contends, the trial court must improperly have taken judicial notice, from the photographs, of the severity of the injuries. We reject appellant's contentions.

First, nothing in Code § 18.2-371.1(B) requires that the Commonwealth prove any injuries inflicted by appellant were life-threatening. In fact subsection (B) of the statute contains no requirement that the child suffer any injury at all. Subsection (A), by contrast, provides for the heightened punishment of an offender who "causes or permits serious injury . . . [which] shall include but not be limited to (i) disfigurement, (ii) a fracture, (iii) a severe burn or laceration, (iv) mutilation, (v) maiming, (vi) forced ingestion

---

[2]Therefore, we do not decide whether the evidence was sufficient to prove appellant was a responsible person under the statute.

of dangerous substances, or (vii) life-threatening internal injuries."  Code § 18.2-371.1(A) (emphasis added).  Comparison of subsection (B) to subsection (A) makes clear that subsection (B) does not contain the requirement appellant seeks to impose. Rather, as the trial judge correctly observed, it requires proof only that appellant acted with reckless disregard for human life, not that his acts or omissions actually threatened that life.

Second, the evidence, including the photographs, viewed in the light most favorable to the Commonwealth, supported the trial court's finding that appellant's acts and omissions were "so gross, wanton and culpable as to show a reckless disregard for human life," which is all that is required under Code § 18.2-371.1(B).  Although Alan's testimony alone would have been sufficient to support appellant's conviction, the additional testimony of Ivy and the photographs of the injuries, whether temporary or permanent, that appellant inflicted on Alan provided ample evidence to support appellant's conviction.  The photographs, introduced without objection from appellant, corroborated Alan's testimony that appellant frequently beat him. The evidence also established that appellant routinely confined Alan to the basement, without regard for Alan's health, physical comfort or nutrition.  Alan spent long periods of time in the basement, even overnight.  Appellant's responses to Alan's requests for food were cruel and malicious.  Appellant eventually ordered Alan, a twelve-year-old child, to leave the house

permanently without making any alternative arrangements for Alan's care.

Viewing all the facts and circumstances in the light most favorable to the Commonwealth, the evidence was sufficient to prove beyond a reasonable doubt that appellant's actions toward Alan exhibited a reckless disregard for the child's life. Therefore, the trial judge did not err in finding appellant guilty of the charged offense.

For these reasons, we affirm appellant's conviction.

<u>Affirmed.</u>