COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Elder and Lemons
Argued at Chesapeake, Virginia


AMBER K. RUFFIN
                                MEMORANDUM OPINION* BY
v.    Record No. 1685-98-1    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                   DECEMBER 28, 1999
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                  H. Thomas Padrick, Jr., Judge

            Melinda R. Glaubke, Senior Assistant Public
            Defender (Office of the Public Defender, on
            brief), for appellant.

            John H. McLees, Jr., Assistant Attorney
            General (Mark L. Earley, Attorney General;
            Pamela A. Rumpz, Assistant Attorney General,
            on brief), for appellee.


     Amber K. Ruffin (appellant) appeals the revocation of her

suspended sentence.  She contends that (1) the trial court

abused its discretion in sentencing her to prison because Code

§ 19.2-306 prevents the court from conducting a revocation

hearing based solely on an alleged violation for which a

previous hearing was held, and (2) her denial of a placement in

an alternative sentencing program was a violation of the

Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et

seq. For the following reasons, we affirm.

_____

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

On August 12, 1996, appellant was convicted of prescription fraud and was sentenced to three years imprisonment, all suspended conditioned upon appellant's good behavior, participation in a supervised probation program and payment of court costs. On June 2, 1998, the trial court determined that appellant had violated the conditions of her probation by using cocaine. The trial court revoked and re-suspended appellant's sentence upon the condition that she successfully complete the Detention Center Program and the Diversion Center Program. At that time, the court noted that appellant was first to be "evaluated" and "screened" for admission into these alternative programs and that her three-year sentence would be re-suspended upon completion of the programs.

After an evaluation, the Department of Corrections found that appellant was ineligible for the detention center and diversion center programs due to a history of major depression and post-traumatic stress disorder. On June 29, 1998, after learning that appellant did not qualify for the alternative sentencing programs, the trial court amended its previous order and revoked the three years of appellant's suspended sentence. While appellant argued that her denial into these programs violated the Americans with Disabilities Act, she raised no other objection.

On appeal, appellant contends that the trial court abused its discretion in revoking her suspended sentence as contrary to

-

Code § 19.2-306.[1]  Appellant's argument is procedurally barred.

Rule 5A:18 provides:

> No ruling of the trial court . . . will be
> considered as a basis for reversal unless
> the objection was stated together with the
> grounds therefor at the time of the ruling,
> except for good cause shown or to enable the
> Court of Appeals to attain the ends of
> justice.  A mere statement that the judgment
> or award is contrary to the law and the
> evidence is not sufficient to constitute a
> question to be ruled upon on appeal.

"The primary function of Rule 5A:18 is to alert the trial judge to possible error so that the judge may consider the issue intelligently and take any corrective actions necessary to avoid unnecessary appeals, reversals and mistrials."  Martin v. Commonwealth, 13 Va. App. 524, 530, 414 S.E.2d 401, 404 (1992).

In the instant case, appellant did not object to the trial court's decision at the time of sentencing as either an abuse of discretion or contrary to the provisions of Code § 19.2-306. Additionally, while this Court will notice error for which there has been no timely objection when necessary to satisfy the ends of justice, the record must "affirmatively show that a

---

[1] Code § 19.2-306 provides in pertinent part:

> The court may, for any cause deemed by it
> sufficient . . . revoke the suspension of
> sentence. . . . [I]f any court has, after
> hearing, found no cause . . . to revoke a
> suspended sentence or probation, any further
> hearing to . . . revoke a suspended sentence
> or probation, based solely on the alleged
> violation for which the hearing was held
> shall be barred.

-

miscarriage of justice has occurred, not that a miscarriage might have occurred."  Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997).  Our review of the record discloses no miscarriage of justice in the instant case.

Next, appellant contends that her denial of admission into the two treatment programs because of her mental health problems was a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq.  However, we recently held that "a probation revocation hearing in a criminal court is not the proper forum in which to attack that violation."  Wilson v. Commonwealth, ___ Va. App. ___, ___, ___ S.E.2d ___, ___ (1999).

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.