COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Clements
Argued at Richmond, Virginia


TERESA RENA MCCLUNG

                                MEMORANDUM OPINION[*] BY
v.    Record No. 0641-01-2      JUDGE LARRY G. ELDER
                                     JULY 16, 2002
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
                   Paul M. Peatross, Jr., Judge

            Dana M. Slater for appellant.

            Stephen R. McCullough, Assistant Attorney
            General (Jerry W. Kilgore, Attorney General,
            on brief), for appellee.


     Teresa Rena McClung (appellant) challenges, on sufficiency

grounds, her bench trial convictions for two counts of assault

and battery of a firefighter in violation of Code § 18.2-57(C).[1]

We hold that Rule 5A:18 bars appellant's challenge to the

sufficiency of the evidence on appeal, and we affirm.

     Code § 18.2-57(A) proscribes the offense of simple assault

and battery as a Class 1 misdemeanor, but subsection (C)

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

     [1] Appellant also was convicted for assault and battery of a
law enforcement officer, a felony, and the misdemeanor offenses
of obstructing a rescue squad member and driving under the
influence, her second or subsequent such offense.  She does not
challenge these convictions on appeal.

provides heightened penalties for the offense if committed against certain categories of people:

> [I]f any person commits an assault or an assault and battery against another knowing or having reason to know that such other person is . . . a firefighter as defined in § 65.2-102, engaged in the performance of his public duties as such, such person shall be guilty of a Class 6 felony . . . .

Code § 65.2-102(B) defines "Firefighter" to include

> volunteer firefighters and lifesaving or rescue squad members, if the governing body of the political subdivision in which the principal office of such volunteer fire company or volunteer lifesaving or rescue squad is located has adopted a resolution acknowledging such volunteer fire company or volunteer lifesaving and rescue squad as employees for purposes of this title.

Appellant contends the evidence was insufficient to support her convictions for felonies under subsection (C) rather than misdemeanors under subsection (A) because it failed to prove the volunteer firefighters she assaulted and battered were "firefighter[s] as defined in [Code] § 65.2-102." She concedes that she failed to articulate this objection at trial and that the record contains no "definitive evidence" to prove that volunteer firefighters in Albemarle County are not firefighters as defined in Code § 65.2-102. However, she contends the

-

ends of justice exception to Rule 5A:18 requires reversal of her convictions.[2]

Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated with grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."  Under this rule, a motion to strike the evidence offered to prove one element of an offense is insufficient to preserve for appeal a challenge to another element of that same offense.  Redman v. Commonwealth, 25 Va. App. 215, 220, 487 S.E.2d 269, 272 (1997).  Here, appellant's motion to strike and closing argument covered only the sufficiency of the evidence to prove appellant's intent in striking volunteer firefighters Zelton Smith and Michael Walton.  Appellant never challenged the sufficiency of the evidence to prove their status as "firefighter[s] as defined in Code § 65.2-102."

Nor does the ends of justice exception support our consideration of this issue on appeal.

---

[2] The Commonwealth contends that Code § 18.2-57(C) applies to all volunteer firefighters, regardless of whether the governing body of the relevant political subdivision has recognized such volunteers as employees for purposes of the Workers' Compensation Act, Title 65.2.  We need not reach the merits of the Commonwealth's argument because we hold that appellant failed to preserve her contention for appeal.

-

> To invoke the ends of justice exception when
> sufficiency of the evidence has been raised
> for the first time on appeal, an appellant
> must do more than show that the Commonwealth
> has failed to prove an element or elements
> of the offense. Otherwise, we would be
> required under the ends of justice exception
> to address the merits of every case where a
> defendant has failed to move to strike the
> Commonwealth's evidence as being
> insufficient to prove an element of the
> offense.

Redman, 25 Va. App. at 221, 487 S.E.2d at 272. Thus, in order to invoke the ends of justice exception, "the appellant must demonstrate that he or she was convicted for conduct that was not a criminal offense[,] or the record must affirmatively prove that an element of the offense did not occur." Id. at 221-22, 487 S.E.2d at 272-73.

Here, the evidence does not disprove the challenged element of the offense -- the status of Smith and Walton as "firefighter[s] as defined in § 65.2-102." As Code § 65.2-102 provides, volunteer firefighters are firefighters covered by Code § 18.2-57(C) "if the governing body of the political subdivision in which the principal office of such volunteer [company or squad] is located has adopted a resolution acknowledging such volunteer [personnel] as employees" for purposes of workers' compensation. As appellant concedes on brief, "the record is barren of any evidence" regarding whether Albemarle County has adopted such a resolution. Although appellant moved this Court to "expand the record" to admit

-

evidence on this issue, an appellate court may not accept evidence and must rely on the evidence admitted in the trial. Because the evidence properly before us on appeal fails to establish that Smith and Walton were not "firefighter[s] as defined in § 65.2-102," the ends of justice exception does not support our consideration of this claimed error on appeal. Appellant's claim that application of Rule 5A:18 somehow violates her right to due process also fails; Rule 5A:18 provides "no exception . . . to 'due process' claims." Connelly v. Commonwealth, 14 Va. App. 888, 891, 420 S.E.2d 244, 246 (1992).

For these reasons, we hold appellant failed to preserve her assignment of error for appeal, and we affirm the challenged convictions.

Affirmed.