COURT OF APPEALS OF VIRGINIA

Present: Judges Frank, Humphreys and Senior Judge Overton
Argued at Chesapeake, Virginia


LEON ALFONZO BOWMAN

                                        MEMORANDUM OPINION[*] BY
v.    Record No. 2169-02-1            JUDGE ROBERT J. HUMPHREYS
                                              JULY 1, 2003
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                      Von L. Piersall, Jr., Judge

            David L. Jones, Assistant Public Defender,
            for appellant.

            Amy L. Marshall, Assistant Attorney General
            (Jerry W. Kilgore, Attorney General, on
            brief), for appellee.


     Leon A. Bowman appeals his conviction, following a bench

trial, for assaulting a police officer, in violation of Code

§ 18.2-57(C).  Bowman argues the trial court erred in finding

the evidence sufficient as a matter of law to prove he intended

to assault the police officer.  Because we find that Bowman

failed to properly preserve this issue for appeal, we affirm the

judgment of the trial court.

     During Bowman's trial on the charge, Bowman raised a motion

to strike at the close of the Commonwealth's evidence, stating:

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.  Further, because this opinion has
no precedential value, we recite only those facts essential to
our holding.

Your Honor, I just move to strike the
Commonwealth's charge against Mr. Bowman of
assault and battery on a police officer as
not sufficient to support a conviction.

The trial court overruled the motion, finding:

There's no evidence that he touched Officer
McRae but there is sufficient evidence to
show there was an assault. He's charged
with assault or assault and battery, so I'm
going to overrule your motion.

Bowman presented no evidence on his behalf, but renewed his
motion to strike, "on the same ground, that it's not sufficient
to support a conviction." The Commonwealth responded:

Your Honor, I think based on the evidence of
Officer McRae and Officer Cornatzer, they
both testified they were in uniform, they
identified themselves as police officers,
Officer McRae was backed into a corner,
[Bowman] continually came forward and before
[Bowman] was able to make contact, Officer
Cornatzer intervened, but prior to this time
[Officer McRae] felt there was nowhere to
go, she felt threatened, she felt as though
[Bowman] was going to make contact with her,
and the Commonwealth believes that's
sufficient evidence to find him guilty of
assault on the officer.

The trial court found:

I think it's important in this case to note
that [Bowman] was acting in an aggressive
and loud and uncooperative manner when the
police were talking to him and he stayed in
the bed until Officer Cornatzer left the
room and then – which left Officer [McRae]
there alone with him. At that point he got
out of bed, apparently, and blocked her exit
from the room, using threatening language,
and his hands were raised as he moved toward
her, backing her up against the wall. His
hand was raised when the policeman,
Cornatzer, came back in and grabbed him. I
think that's sufficient to find that he

committed an assault against Officer McRae. The trial court subsequently sentenced Bowman to serve three years in prison, with one year suspended upon certain conditions.

On appeal, Bowman contends the trial court erred in finding the evidence sufficient, as a matter of law, to prove that he intended to cause bodily harm to Officer McRae. However, the record reflects that Bowman failed to raise this specific argument before the trial court.

"Pursuant to Rule 5A:18, this Court will not consider trial court error as a basis for reversal where no timely objection was made, except" for good cause or "to attain the ends of justice." Marshall v. Commonwealth, 26 Va. App. 627, 636, 496 S.E.2d 120, 125 (1998); see also Rule 5A:18. Thus, we have held that "[w]here an appellant makes a general objection to the sufficiency of the evidence that '[does] not specify in what respects [appellant] considered the evidence to be insufficient to prove [the charged offense,] . . . the issue of whether the evidence was insufficient to prove a particular [unmentioned] element of the offense was not properly preserved.'" Id. (quoting Redman v. Commonwealth, 25 Va. App. 215, 220, 487 S.E.2d 269, 272 (1997)) (alterations in original).

> To invoke the ends of justice exception to Rule 5A:18, the record must "affirmatively show[] that a miscarriage of justice has occurred, not . . . merely . . . that a miscarriage might have occurred." Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987). To satisfy this burden, an appellant must show "more than that the Commonwealth failed to prove an element of the offense. . . . [T]he appellant must demonstrate that he or she was convicted for conduct that was not a

criminal offense[,] or the record must affirmatively prove that an element of the offense did not occur." <u>Redman</u>, 25 Va. App. at 221-22, 487 S.E.2d at 272-73.

<u>Id.</u> (alterations in original) (emphasis in original).

In this case, although Bowman moved to strike the evidence, he failed to specifically assert <u>any</u> grounds upon which the alleged evidence was insufficient. Bowman, therefore, is precluded from raising this issue, with regard to the particular element of intent, for the first time on appeal to this Court. Accordingly, finding no "good cause" supporting Bowman's failure to raise the specific issue, nor justification to apply the "ends of justice" exception, we decline to consider his argument and affirm the judgment of the trial court. <u>See</u> <u>Redman</u>, 25 Va. App. at 221-22, 487 S.E.2d at 272-73.

<u>Affirmed.</u>