COURT OF APPEALS OF VIRGINIA


Present:  Judges Bumgardner, Kelsey and Senior Judge Overton


TULANA FORTE

MEMORANDUM OPINION[*]
v.      Record No. 1422-04-1                                    PER CURIAM
                                                             DECEMBER 14, 2004
CITY OF HAMPTON DEPARTMENT
 OF SOCIAL SERVICES


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Wilford Taylor, Jr., Judge

(Charles E. Haden, on brief), for appellant.

(Lesa J. Yeatts, Deputy City Attorney; Lawrence A. Martin,
Guardian *ad litem* for the minor child; Coyle & Martin, on brief),
for appellee.


On June 14, 2004, the trial court entered an order terminating the parental rights of

Tulana Forte to her daughter pursuant to Code § 16.1-283(C)(2).  During closing argument at the

conclusion of the termination proceeding, appellant's attorney stated appellant did not consent to

the termination or find it "appropriate."[1]  Appellant's attorney endorsed the termination order as

"seen and objected to" and wrote that "reasonable and appropriate efforts of Hampton Social

Services were not made to Tulana Forte to prevent or avoid the termination of her parental rights.

This resulted in her inability to substantially remedy the conditions that led to the child's foster

care placement."   In contrast to appellant's position in the trial court, on appeal appellant

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant was not present at the termination proceeding in the trial court.  Nor had she been present at the hearing during which the juvenile and domestic relations district court terminated her parental rights.

contends the evidence did not prove she had not substantially remedied the conditions which led to the child's foster care placement.

The argument advanced on appeal was not raised in the trial court. "The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). See Rule 5A:18. Accordingly, Rule 5A:18 bars our consideration of this question on appeal.

> Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions. See e.g., Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail oneself of the exception, a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred." (emphasis added)). We will not consider, *sua sponte*, a "miscarriage of justice" argument under Rule 5A:18.

Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

Affirmed.