COURT OF APPEALS OF VIRGINIA


Present:   Judges Bumgardner, Clements and McClanahan
Argued at Salem, Virginia


BRANDON L. HUBBARD, S/K/A
 BRANDON LAMONTE HUBBARD
                                              MEMORANDUM OPINION[*] BY
v.        Record No. 0474-04-3          JUDGE RUDOLPH BUMGARDNER, III
                                                   MAY 17, 2005
COMMONWEALTH OF VIRGINIA


                 FROM THE CIRCUIT COURT OF CAMPBELL COUNTY
                            J. Samuel Johnston, Jr., Judge

            Mark B. Arthur (Fralin, Feinman, Coates & Kinnier, P.C., on brief),
            for appellant.

            Deana A. Malek, Assistant Attorney General (Jerry W. Kilgore,
            Attorney General, on brief), for appellee.


        Brandon L. Hubbard appeals the revocation of his suspended sentence.  He contends that

he did not willfully violate the terms of probation when he failed to complete the diversion

program.  The defendant did not present this claim to the trial court.  Accordingly, we dismiss

the appeal.

        The defendant pled guilty to distributing cocaine and at his request was approved for an

alternative sentencing program.  The trial court sentenced him to twenty years but suspended the

sentence on condition that he "enter and successfully complete the Men's Adult Detention and

Diversion Center programs."

        The defendant entered the program and passed the medical examination.  During the

examination, the defendant told the examiners that he had a history of tachycardia (rapid heart

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

rate) and dyspnea (shortness of breath) and "did not believe he was medically capable of completing the program." He was informed that he "was physically capable of completing the detention center program and he would not be given a medical discharge."

After three days the defendant requested a medical discharge and voluntarily withdrew from the program when it was denied. He was returned to the circuit court, and after a show cause hearing, it revoked his suspended sentence.[1] The defendant was granted an appeal on the question of whether the trial court abused its discretion in finding that he willfully violated his suspended sentence by failing to complete the diversion and detention center programs due to a medical condition.

At the show cause hearing, the defendant never argued his probation should not be revoked. He acknowledged that he voluntarily withdrew from the program knowing he would be charged with violating probation and would be subject to a twenty-year prison sentence. He requested the trial court to sentence him in accordance with the guidelines, but never argued that he left involuntarily because of an unforeseen medical condition. "No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18.[2]

---

[1] The trial court found the defendant in violation of the conditions of probation, imposed the twenty-year sentence, and re-suspended seventeen years for fifteen years.

[2] "In order to avail oneself of the exception, a defendant must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage *might* have occurred." Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997). The defendant failed to request that this Court invoke the exception to the rule. We will not consider such an argument *sua sponte*. Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

On brief, the defendant argues "[T]he trial court erred in revoking Hubbard's suspended sentence without considering reasonable alternatives to imprisonment due to the unforeseen consequences of [his] heart condition on his ability to complete his alternative sentencing program." That question was neither raised in the trial court nor in his petition for appeal. We will not address it for the first time on appeal. Rules 5A:12(c), 5A:18.

This Court will not consider arguments raised for the first time on appeal. Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). According, we dismiss the appeal.

Dismissed.