COURT OF APPEALS OF VIRGINIA


Present:  Judges Bumgardner, Kelsey and Senior Judge Hodges


STEPHEN R. PRESTON

                                      MEMORANDUM OPINION[*]

v.      Record No. 1121-05-4                        PER CURIAM
                                            DECEMBER 13, 2005

ROBERTA MARIE PRESTON


FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
John E. Kloch, Judge

(J. W. Nesari; Robin Cole; Law Offices of J. W. Nesari, LLC, on
briefs), for appellant.

(Roberta Marie Preston, *pro se*, on brief).


Appellant appeals from the final decree of divorce entered by the trial court.  Appellant

contends the trial court erred in making a child support award because the award was calculated

using "out of date income" for appellant and without review of appellee's income figures.

While the record shows appellant's general objection to the trial court's ruling, it does not

show appellant made either of these arguments to the trial court.  "No ruling of the trial court . . .

will be considered as a basis for reversal unless the objection was stated together with the

grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of

Appeals to attain the ends of justice."  Rule 5A:18.  Appellant has offered no argument why we

should invoke the "good cause" exception.

> Although Rule 5A:18 allows exceptions for good cause or
> to meet the ends of justice, appellant does not argue that we should
> invoke these exceptions.  See e.g., Redman v. Commonwealth, 25
> Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

oneself of the exception, a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred." (emphasis added)).  We will not consider, *sua sponte*, a "miscarriage of justice" argument under Rule 5A:18.

Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

Furthermore, we are unable to address appellant's argument because the income information appellant claims was refused by the trial court is not included in the record.  "The burden is upon the appellant to provide us with a record which substantiates the claim of error. In the absence thereof, we will not consider the point."  Jenkins v. Winchester Dep't of Soc. Servs., 12 Va. App. 1178, 1185, 409 S.E.2d 16, 20 (1991).

Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

Affirmed.