COURT OF APPEALS OF VIRGINIA


Present:    Judges Humphreys, Beales and Senior Judge Fitzpatrick


ROBERT T. WALKER

                                                        MEMORANDUM OPINION*
v.       Record No. 0840-06-3                                PER CURIAM
                                                         FEBRUARY 27, 2007
SHIRLEY A. WALKER


                FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
                           Charles N. Dorsey, Judge

             (Cheryl K. Brunner, on brief), for appellant.

             No brief for appellee.


        Robert T. Walker appeals a decision of the trial court dismissing his request to find a

therapeutic counselor in contempt for failure to provide certain records.  On appeal, Walker

contends:  (1) his failure to appear at the trial court hearing constituted excusable neglect; and

(2) the trial court abused its discretion by imposing sanctions against him and his attorney.  Upon

reviewing the record and opening brief, we conclude that this appeal is without merit.  Accordingly,

we summarily affirm the decision of the trial court.  See Rule 5A:27.

                                             I.

        Walker and his counsel failed to appear at the trial court hearing on this matter.  In Walker's

first issue raised on appeal, he asserts his failure to appear at the trial court hearing constituted

excusable neglect.  On the final order in the case, Walker noted an objection, stating, "As will be

explained in the motion to rehear, the failure of defendant to appear was not due to any fault of his

own.  The failure of counsel to appear was due to excusable neglect."  The opinion letter of the trial

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

court states that the trial court did not consider a motion to rehear.  In addition, nothing in the record shows that the trial court ruled at any time on the question of whether Walker's failure to appear at the trial court hearing was excusable neglect.  Because the record does not show that the trial court ruled on Walker's argument, there is no ruling of the trial court for this Court to review on appeal.  See Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998); Fisher v. Commonwealth, 16 Va. App. 447, 454, 431 S.E.2d 886, 890 (1993).  Furthermore, the record does not reflect nor does Walker argue any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.  Accordingly, Rule 5A:18 bars our consideration of this question on appeal.

## II.

Walker contends the trial court abused its discretion by imposing sanctions against him and his counsel.  However, the record does not show Walker made this argument to the trial court.

"The Court of Appeals will not consider an argument on appeal which was not presented to the trial court."  Ohree, 26 Va. App. at 308, 494 S.E.2d at 488.  See Rule 5A:18.  Accordingly, Rule 5A:18 bars our consideration of this question on appeal.

> Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions.  See e.g., Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail oneself of the exception, a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred." (emphasis added)).  We will not consider, *sua sponte*, a "miscarriage of justice" argument under Rule 5A:18.

Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

Accordingly, we affirm the decision of the trial court.

Affirmed.