COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Haley and Senior Judge Coleman


TIMOTHY ANTONIO JONES

                                                    MEMORANDUM OPINION[*]
v.       Record No. 0192-07-2                       PER CURIAM
                                                    JULY 17, 2007
CITY OF RICHMOND DEPARTMENT
  OF SOCIAL SERVICES


                FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                           Theodore J. Markow, Judge

            (Robert D. Shrader, Jr.; Steingold and Shrader, PLC, on brief), for
            appellant.

            (Kate D. O'Leary, Assistant City Attorney; Craig W. Sampson,
            Guardian *ad litem* for the minor child; Barnes & Diehl, on brief),
            for appellee.


       On December 21, 2006, the trial court terminated the residual parental rights of Timothy

Antonio Jones to his daughter, I.H. On appeal of this decision, Jones challenges the sufficiency of

the evidence to support the termination under Code § 16.1-283(C)(2). Upon reviewing the record

and briefs of the parties, we conclude this appeal is without merit. Accordingly, we summarily

affirm the decision of the trial court. See Rule 5A:27.

                                            I.

       On appeal, we view the evidence in the "'light most favorable' to the prevailing party in

the circuit court and grant to that party the benefit of 'all reasonable inferences fairly deducible

therefrom.'" Toms v. Hanover Dep't of Soc. Servs., 46 Va. App. 257, 262, 616 S.E.2d 765, 767

---

       [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

(2005) (quoting Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991)).

The child was born on March 30, 2003 to Rene Hanks and Jones. At birth, the child tested positive for cocaine. Hanks was court-ordered to obtain treatment for substance abuse. In October 2003, the child and her half-brother were placed in the temporary custody of Jones' aunt, due to Hanks' abuse and neglect of the children. Hanks' parental rights were terminated on February 10, 2006.

Jones' aunt died within days of being granted permanent custody of the children. The Richmond Department of Social Services removed the children from the home and placed them in foster care. At that time, Jones was incarcerated.

Jones was released from incarceration on September 23, 2004 and was again incarcerated March 15, 2005. During that period of time, the sole contact Jones had with the child was during a visit the Department had scheduled for the child with Jones' mother. Jones did not appear for several visits the Department scheduled for him and the child and did not participate in a family conference regarding the child. Jones told the Department that he wanted his sister to take custody of the child and her half-brother and that he would help his sister however he could. The Department explored placing the child with Jones' relatives, but none of them consistently followed through with the Department's requirements or proved to be an acceptable custodian.

After March 15, 2005, Jones was transferred to a federal prison in Maryland. The Department mailed Jones the foster care plans pertaining to the child and maintained contact with Jones' mother. Jones' mother, who had several visits with the child while Jones was incarcerated, was physically unable to care for the child on a permanent basis.

After unsuccessful foster care placements, the child and her half-brother were placed together with a foster family on December 28, 2005. They had remained with the foster family

for almost an entire year at the time of the termination hearing on December 15, 2006. Although the child demonstrated symptoms of attachment disorder, she had bonded with the foster family and was making substantial progress in her development. The foster family was in the process of adopting the child's half-brother and wanted to adopt the child as well. The children had a strong emotional bond between them. Carolyn Edwards, a social worker who performed an attachment assessment of the children and the foster family, concluded that to remove the child from the foster family and separate her from her half-brother would further traumatize the child and reduce the likelihood that she could develop healthy attachments in the future.

Anita King, a social worker, attempted to meet with Jones in prison in May 2006, but he refused to see her. After his release from prison in November 2006, Jones indicated for the first time that he wanted custody of the child. At the time of the termination hearing, Jones remained unemployed and was living with a friend.

II.

Jones contends the evidence did not prove the circumstances required for termination of his parental rights pursuant to Code § 16.1-283(C)(2). Jones also contends the Department did not prove he,

> without good cause[,] failed to maintain continuing contact with and to provide or substantially plan for the future of the child for a period of six months after the child's placement in foster care notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to communicate with the parent and to strengthen the parent-child relationship.

Although such proof is required for a termination pursuant to Code § 16.1-283(C)(1), the termination of Jones' parental rights was not based upon Code § 16.1-283(C)(1). Therefore, we need not consider this argument. See Fields v. Dinwiddie County Dep't of Soc. Servs., 46 Va. App. 1, 7 n.4, 614 S.E.2d 656, 659 n.4 (2005). Jones also argues the trial court erred in

denying his motion to set aside the verdict. The record does not reflect Jones filed a motion to set aside the verdict. Accordingly, we do not consider this issue on appeal. See Rule 5A:18 (requiring an appellant to raise an issue before the trial court in order to preserve the issue for appellate review).

A termination pursuant to Code § 16.1-283(C)(2) requires the trial court to find by clear and convincing evidence that termination was in the child's best interests and

> [t]he parent or parents, without good cause, have been unwilling or unable within a reasonable period of time not to exceed twelve months from the date the child was placed in foster care to remedy substantially the conditions which led to or required continuation of the child's foster care placement, notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to such end.

When reviewing a trial judge's decision to terminate parental rights, we are governed by the following standards:

> [W]e presume the circuit court "thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests." "The trial court's judgment, 'when based on evidence heard *ore tenus*, will not be disturbed on appeal unless plainly wrong or without evidence to support it.'" In its capacity as factfinder, therefore, the circuit court retains "broad discretion in making the decisions necessary to guard and to foster a child's best interests."

Toms, 46 Va. App. at 265-66, 616 S.E.2d at 769 (citations omitted).

Jones contends the Department failed to provide him with "reasonable and appropriate" services to remedy the conditions that led to the child's placement in foster care. Jones did not raise this issue in the trial court. "No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. Accordingly, Rule 5A:18 bars our consideration of this question on appeal. Appellant does not argue that we should invoke these exceptions, see e.g., Redman v.

Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997), and the record does not establish a basis for applying the exceptions.

Jones also argues that termination of his parental rights was not in the child's best interests. In reviewing the trial judge's determination of what is in the best interests of a child, we consider the following:

> [A] court must evaluate and consider many factors, including the age and physical and mental condition of the child or children; the age and physical and mental condition of the parents; the relationship existing between each parent and each child; the needs of the child or children; the role which each parent has played, and will play in the future, in the upbringing and care of the child or children; and such other factors as are necessary in determining the best interests of the child or children.

Barkey v. Commonwealth, 2 Va. App. 662, 668, 347 S.E.2d 188, 191 (1986).

The evidence proved Jones had remained incarcerated for a majority of the child's life prior to the termination hearing. Jones' incarceration was "a valid and proper circumstance which, when combined with other evidence concerning the parent/child relationship, can support [the] court's finding that the best interests of the child will be served by termination." Ferguson v. Stafford County Dep't of Soc. Servs., 14 Va. App. 333, 340, 417 S.E.2d 1, 5 (1992).

Upon his release from prison in November of 2006, more than two years after the child entered foster care, Jones indicated for the first time that he wanted to obtain custody of his daughter. Nonetheless, since his incarceration in 2003, Jones had been unwilling or unable to provide for any of the child's needs, and had failed to remain in contact with her. At the time of the termination hearing, Jones did not have a job or appropriate housing to care for her.

In the year before the termination hearing, the child and her half-brother had been thriving in a home where their needs were met on a consistent basis. The child had the opportunity to be settled with the foster family. The evidence proved that removal from the

foster family and separation from her half-brother could prove traumatic to the child and contrary to her best interests.

We recognize that "'[t]he termination of [residual] parental rights is a grave, drastic and irreversible action.'" <u>Helen W. v. Fairfax County Dep't of Human Dev.</u>, 12 Va. App. 877, 883, 407 S.E.2d 25, 28-28 (1991) (quoting <u>Lowe v. Dep't of Public Welfare of Richmond</u>, 231 Va. 277, 280, 343 S.E.2d 70, 72 (1986)). However, "[i]t is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his [or her] responsibilities." <u>Kaywood v. Halifax County Dep't of Soc. Servs.</u>, 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990).

Clear and convincing evidence proved that termination of Jones' parental rights was in the child's best interests. Therefore, we summarily affirm the termination of Jones' parental rights pursuant to Code § 16.1-283(C)(2).

<u>Affirmed.</u>