COURT OF APPEALS OF VIRGINIA


Present:    Judges Kelsey, Petty and Senior Judge Bumgardner


EBONI CLINTON-WILLIAMS

                                                 MEMORANDUM OPINION[*]
v.      Record No. 0978-07-1                                PER CURIAM
                                                     OCTOBER 2, 2007
NEWPORT NEWS DEPARTMENT
  OF SOCIAL SERVICES


FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
David F. Pugh, Judge

(Polly Chong, on brief), for appellant.

(Shannon M. Manning, Assistant City Attorney; Darrell J. Miller,
Guardian *ad litem* for the minor children; Miller, Walsh & Kutz,
PLLC, on brief), for appellee.


Eboni Clinton-Williams contends the trial court erred in terminating her parental rights to

her minor children.[1] Upon reviewing the record and briefs of the parties, we conclude that the

appeal is without merit. Accordingly, we summarily affirm the decision of the trial court.

When reviewing a trial judge's decision to terminate parental rights, we are governed

by the following standards:

> [W]e presume the circuit court "thoroughly weighed all the
> evidence, considered the statutory requirements, and made its
> determination based on the child's best interests." "The trial
> court's judgment, 'when based on evidence heard *ore tenus,* will
> not be disturbed on appeal unless plainly wrong or without
> evidence to support it.'" In its capacity as factfinder, therefore, the
> circuit court retains "broad discretion in making the decisions
> necessary to guard and to foster a child's best interests."

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Williams' parental rights were terminated on May 2, 2007, pursuant to Code
§ 16.1-283(C)(2).

Toms v. Hanover Dep't of Soc. Servs., 46 Va. App. 256, 265-66, 616 S.E.2d 765, 769 (2005) (citations omitted).

Clinton-Williams makes two[2] arguments in support of her contention that her parental rights should not have been terminated.  First, she asserts the evidence was insufficient to support the trial court's decision because the Newport News Department of Social Services failed to communicate with her, failed to strengthen the parent-child relationship, and failed to assist her in substantially remedying the conditions leading to placement.  Second, she maintains the evidence was insufficient to warrant termination because the trial court failed to make a specific finding in its order that termination was in the best interests of the children.

Clinton-Williams presented neither of these arguments to the trial court.  "No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."  Rule 5A:18.  Accordingly, Rule 5A:18 bars our consideration of these questions on appeal.  Williams does not argue we should invoke these exceptions, see e.g., Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997), and the record does not establish a basis for applying the exceptions.

We therefore summarily affirm the trial court's decision.  See Rule 5A:27.

Affirmed.

---

[2] While Williams' brief references three "Questions Presented," it contains only two argument headings.