COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Beales and Senior Judge Fitzpatrick


GREATER WISE, INC. AND
 ROCKWOOD CASUALTY INSURANCE CO.

                                                         MEMORANDUM OPINION*
v.        Record No. 1728-07-3                                PER CURIAM
                                                           NOVEMBER 20, 2007
JACKIE R. YATES


              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Anne L. Musgrove; Penn, Stuart & Eskridge, on brief), for
              appellants.

              (D. Allison Mullins; Lee & Phipps, P.C., on brief), for appellee.


      Greater Wise, Inc. and its insurer (hereinafter referred to as "employer") appeal a

decision of the Workers' Compensation Commission finding that Jackie R. Yates proved he

sustained an injury by accident arising out of and in the course of his employment on July 15,

2006.  Employer contends the commission erred in making that finding.[1]  We have reviewed the

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Employer did not preserve for appellate review the issue it raises in its second question presented, i.e., that the nature of the commission's decision prevents this Court from affirming its award due to an absence of factual resolution on disability or causation isses.  Employer did not raise that issue before the full commission in its written statement on review nor did it raise that issue in a timely-filed motion for rehearing or reconsideration after the full commission issued its June 18, 2007 opinion.  Thus, Rule 5A:18 bars our consideration of that issue because employer did not provide the commission with the opportunity to correct any perceived error.  See Williams v. Gloucester Sheriff's Dep't, 266 Va. 400, 411, 587 S.E.2d 546, 548 (2003); Rule 5A:18.

              Although Rule 5A:18 allows exceptions for good cause or
              to meet the ends of justice, [employer] does not argue that we
              should invoke these exceptions.  See e.g., Redman v.
              Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272
              (1997) ("In order to avail oneself of the exception, a *defendant*
              *must affirmatively show* that a miscarriage of justice has occurred,

record and the commission's opinion and find that this appeal is without merit. Accordingly, we affirm for the reasons stated by the commission in its final opinion. <u>See</u> <u>Yates v. Greater Wise, Inc. et. al.</u>, VWC File No. 229-68-81 (June 18, 2007). We dispense with oral argument and summarily affirm because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process. <u>See</u> Code § 17.1-403; Rule 5A:27.

<u>Affirmed.</u>

---

not that a miscarriage might have occurred." (emphasis added)). We will not consider, *sua sponte*, a "miscarriage of justice" argument under Rule 5A:18.

<u>Edwards v. Commonwealth</u>, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).