COURT OF APPEALS OF VIRGINIA

Present: Judges Kelsey, Petty and Senior Judge Bumgardner

CRYSTAL DONAHUE

MEMORANDUM OPINION[*]

v. Record No. 2602-10-3

PER CURIAM
MAY 17, 2011

ROANOKE CITY DEPARTMENT
OF SOCIAL SERVICES

FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
Charles N. Dorsey, Judge

(L. Brad Braford, on brief), for appellant. Appellant submitting on brief.

(William M. Hackworth, City Attorney; Heather P. Ferguson, Assistant City Attorney; Joseph F. Vannoy, Guardian *ad litem* for the minor child, on brief), for appellee. Appellee and Guardian *ad litem* submitting on brief.

Crystal Donahue, mother, appeals an "Agreed Order" entered by the circuit court withdrawing her appeal of a decision by the juvenile and domestic relations district court (JDR court) changing the goal of the foster care plan to adoption and terminating her parental rights to her daughter, A.E. She contends the circuit court erred by entering the order. We find this issue is procedurally barred by Rule 5A:18.

In her brief, mother appears to acknowledge that she failed to present this argument to the circuit court. She asks that we apply the ends of justice exception to Rule 5A:18.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18.

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18. The title of the entered order was "Agreed Order," and it specifically stated: "[T]he parties represented to the [c]ourt that they had reached an agreement which resolves the issues before the [c]ourt." The order further provided that mother "agrees to withdraw her appeals to this [c]ourt and recognizes that the orders entered by the [JDR court] approving the goal of adoption and terminating her parental rights will remain in full force and effect." Mother endorsed the order, "WE ASK FOR THIS."

At the hearing, the circuit court asked counsel if they agreed mother desired to withdraw her appeals to the circuit court, understanding that the JDR court orders would remain in full force and effect. Mother's counsel replied, "On behalf of [mother], that is our understanding and agreement." Mother was sworn, and the circuit court asked her a series of questions regarding her understanding of the "Agreed Order" and her desires in the matter. Mother stated she had seen the "Agreed Order," it expressed her desire, she understood she was withdrawing her appeals, and she understood the orders entered by the JDR court terminating her parental rights to A.E. and changing the goal to adoption would be the final orders in the case. The circuit court asked mother if she had any questions, and the record shows mother shook her head indicating, "No." The circuit court then asked mother's counsel if he had any questions, and he stated he did not. The circuit court found the entry of the "Agreed Order" was in the best interests of the child and it was appropriate.

Therefore, the record shows both mother and her counsel repeatedly represented to the circuit court that mother desired to withdraw her appeals and mother accepted the terms of the "Agreed Order." At no time did mother or her counsel make an objection to the circuit court's entry of the "Agreed Order." "In order to avail oneself of the exception, a defendant must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage might have

occurred." Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997). Mother did not show that a miscarriage of justice occurred in this case. Therefore, the ends of justice exception does not apply and mother's appeal is barred by Rule 5A:18. Furthermore, "[n]o litigant can 'be permitted to approbate and reprobate, ascribing error to an act by the trial court that comported with h[er] representations.'" Rahnema v. Rahnema, 47 Va. App. 645, 663, 626 S.E.2d 448, 457 (2006) (quoting Boedeker v. Larson, 44 Va. App. 508, 525, 605 S.E.2d 764, 772 (2004)).

For the foregoing reasons, the circuit court's entry of the "Agreed Order" is affirmed.

Affirmed.