COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Coleman and Lemons
Argued at Salem, Virginia


HENRY BOWMAN
                                            OPINION BY
v.    Record No. 1734-98-3         JUDGE DONALD W. LEMONS
                                          JULY 27, 1999
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF CAMPBELL COUNTY
                  J. Samuel Johnston, Jr., Judge

          Thomas S. Leebrick (Thomas S. Leebrick, P.C.,
          on brief), for appellant.

          Leah A. Darron, Assistant Attorney General
          (Mark L. Earley, Attorney General, on brief),
          for appellee.


     Henry Bowman was convicted in a bench trial of three counts

of statutory burglary, three counts of grand larceny and three

counts of property damage.  On appeal, Bowman argues that the

court erred by allowing a witness to identify him as the man

depicted in video surveillance tapes.  We disagree and affirm

the convictions.

                       I.  BACKGROUND

     In the summer of 1997, three convenience stores in Campbell

County were burglarized.  On June 7, 1997, Lester's Market was

burglarized, and a safe containing approximately $2,600 was

stolen from the store.  On July 26, 1997, Miles Market was

burglarized, and approximately $6,400 in cash, twenty-five

cartons of cigarettes, and several cases of beer were taken from the store. On July 26, 1997, Moore's Country Store was burglarized, and a safe containing $3,000 in cash and checks was stolen.

The evidence revealed that a breaking occurred in the back of Miles Market, approximately nine feet off the ground. The perpetrator of the burglaries at Lester's Market and Moore's Country Store was captured on tape by video surveillance equipment. At trial, Carl Smith testified that Henry Bowman was the person seen on both video surveillance tapes. Smith stated that he was the grandfather of Bowman's children. Smith stated that although he was not present during the commission of any of the charged burglaries, he could positively identify Bowman as the person on the tapes. On cross-examination, Smith testified that he did not like Bowman because Bowman was unemployed.

Smith also identified Bowman as the person in Commonwealth's Exhibits 6 and 7, still photographs taken from the videotapes. Bowman's counsel objected to Smith's testimony, arguing that his statements constituted "non-verbal hearsay," improper lay testimony, and opinion testimony offered to prove an ultimate issue of fact.

Bowman moved to strike at the close of the Commonwealth's case-in-chief and at the close of all evidence. The court denied both motions. The court stated that although the videotapes themselves were insufficient to allow an

identification of Bowman, when looking at one of the still photos from the videotape the court itself could identify Bowman as "the burglar."

On appeal, Bowman argues that the court erred in overruling his objection to the admission of Smith's testimony regarding his identity as the perpetrator of the burglaries that were depicted on the two videotapes.

## II.  IDENTIFICATION OF BOWMAN

Bowman argues that the court erred in allowing Smith to testify about the identity of the perpetrator shown on the videotapes and the still photographs made from the tapes. Bowman contends the Commonwealth "failed to establish Mr. Smith's familiarity with [Bowman] in order to qualify Smith to express an opinion regarding [Bowman's] identity."  Bowman argues that Smith's lack of familiarity with Bowman's appearance, coupled with his bad feelings toward Bowman, undermine the credibility of his testimony.

### A.  Ability of Witness to Identify Appellant

Bowman did not raise at trial the issue of Smith's ability to identify him on the videotape.  "In order to be considered on appeal, an objection must be timely made and the grounds stated with specificity.  To be timely, an objection must be made when the occasion arises -- at the time the evidence is offered or the statement made."  Marlowe v. Commonwealth, 2 Va. App. 619, 621, 347 S.E.2d 167, 168 (1986); see Rule 5A:18.  Because Bowman

did not raise this objection at trial, we will not consider it for the first time on appeal.

### B. Lay Testimony

Bowman also argues that Smith was prohibited from making an identification of the person on the videotape because he was a lay witness testifying about matters that require the testimony of an expert. We disagree. "The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion." Brown v. Commonwealth, 21 Va. App. 552, 555, 466 S.E.2d 116, 117 (1996). "Evidence which tends to cast any light upon the subject of the inquiry is relevant." Cash v. Commonwealth, 5 Va. App. 506, 510, 364 S.E.2d 769, 771 (1988). "Relevant evidence which has the tendency to add force and effect to a party's defense is admissible, unless excluded by a specific rule or policy consideration." Evans v. Commonwealth, 14 Va. App. 118, 122, 415 S.E.2d 851, 853-54 (1992).

In Jordan v. Commonwealth, 66 Va. (25 Gratt.) 625 (1874), the Supreme Court of Virginia considered whether a witness who had been given a description of two men alleged to have recently committed a robbery could testify at their trial. At trial, the witness testified that the men matched the description he had been given. On appeal, the Court held that "upon questions of identity a witness is competent to give his opinion." Id. at 626.

"A lay witness may offer an opinion as to the identity of a person."  2 Charles E. Friend, <u>The Law of Evidence in Virginia</u> § 17.10, at 21 (4th ed. 1993).  Here, Smith was Bowman's father-in-law and the grandfather of Bowman's children.  Smith testified that he had known Bowman for two years and that he recognized Bowman not only in the videotapes but also in the Commonwealth's still photographs of the perpetrator made from the videotape.  "The scarcity of case law on the point [of whether a witness may identify a person] is probably due to a general failure to regard identification as an opinion problem, it being considered a matter of 'fact.'"  Friend, <u>supra</u>, at 21.

### C.  "Ultimate Issue of Fact"

Bowman also argues that the court erred in allowing Smith's testimony because "[o]pinion testimony on ultimate issues of fact is not admissible in criminal proceedings."  Bowman contends that Smith's testimony "goes directly to the ultimate issue: the identity of the culprit."  We disagree.

Smith's identification of Bowman did not implicate an "ultimate issue of fact."  "Ultimate issues of fact" for purposes of the conviction of a crime are the statutory elements of that offense.  <u>See</u> <u>Llamera v. Commonwealth</u>, 243 Va. 262, 414 S.E.2d 597 (1992) (in prosecution for possession of cocaine with intent to distribute, the Commonwealth is required to prove the element of possession and the intent to distribute which are both ultimate issues of fact); <u>Bond v. Commonwealth</u>, 226 Va.

534, 539, 311 S.E.2d 769, 772 (1984) (where "the crucial issue was whether death was brought about by criminal agency . . . [t]he ultimate question was whether the decedent jumped intentionally, fell accidentally, or was thrown to her death"). The court did not err in allowing Smith to identify Bowman as the person shown on the videotape and the still photos.

### III. DENIAL OF WRIT "ON THE MERITS"

In an earlier unpublished decision, we considered the exact issue now before us: whether a witness may identify a person from a videotape and whether that identification may be considered by the fact finder. See Rogers v. Commonwealth, 97 Vap. UNP 2269961, Record No. 2269-96-1 (October 7, 1997). In Rogers, appellant appealed his conviction of murder, rape, robbery, credit card theft, and credit card fraud. At trial, the court allowed a witness who knew both the victim and the appellant to identify the appellant in a videotape taken at a bank machine where the victim's stolen credit card was used. On appeal, Rogers argued that a lay witness should not have been permitted to identify the person on the videotape. See id. In addition, Rogers argued that by allowing the witness to identify him, the witness was usurping the role of the fact finder in making a determination of an "ultimate fact in issue." Id. at 2.

In an unpublished opinion, we disagreed with Rogers' contentions and affirmed his convictions. See id. We held that

"a witness may identify a person from a description, or, as in the instant case, a videotape, and that identification may be considered by the finder of fact." Id. In addition, because the witness' identification of Rogers as the man in the videotape did not prove an element of any of the charges against him, "[the witness'] testimony did not implicate an ultimate issue of fact and the trial court did not err by allowing his testimony." Id.

After his convictions were affirmed, Rogers did not petition this Court for a rehearing en banc. Rogers did, however, file a petition for appeal with the Supreme Court of Virginia. On February 18, 1998, the Supreme Court denied Rogers' petition for appeal. See Record No. 972336 (Va. February 18, 1998). The refusal of a petition for appeal constitutes a final decision on the merits. See Saunders v. Reynolds, 214 Va. 697, 700-01, 204 S.E.2d 421, 424 (1974) ("[w]e state unequivocally that a decision to grant or refuse a petition for writ of error is based upon one equally-applied criterion - the merits of the case"); see also Wright v. West, 505 U.S. 277, 283 (1992) ("the Supreme Court of Virginia refused the petition – a disposition indicating that the [C]ourt found the petition without merit"); Jackson v. Virginia, 443 U.S. 307, 311 n.4 (1979) ("[e]ach petition for writ of error under Va. Code § 19.2-317 (1975) is reviewed on the merits . . . and the effect of a denial is to affirm the judgment of conviction on

the merits); Dodson v. Director, 223 Va. 303, 307 n.5, 355 S.E.2d 573, 576 n.5 (1987) ("[i]n Virginia, aside from appeals from a capital murder conviction, criminal appeals to both the Court of Appeals and to this Court are discretionary, and 'a decision to grant or refuse a petition [for appeal] is based upon one equally-applied criterion--the merits of the case'").

Additionally, the Supreme Court of Virginia has stated that a denial of a writ is on the merits and the issue that is decided is binding in other cases. As we stated in Harward v. Commonwealth, 5 Va. App. 468, 476, 364 S.E.2d 511, 515 (1988);

> [t]he Supreme Court held "unequivocally that a decision to grant or refuse a petition for writ of error is based upon equally-applied criteria - the merits of the case." When there is "substantial possibility that error has been committed in the conviction of the defendant," then a writ is granted. "[A] convicted felon whose claims lack substance is refused a writ." The Court has held the doctrine to apply even when "the precise issue involved" resulted in denial of a petition for a writ of error in a separate case.

(Citations omitted). See also Overhead Door Co. v. Lewis, 29 Va. App. 52, 509 S.E.2d 535 (1999).

The Attorney General argues that the denial of a petition for writ of error by the Supreme Court of Virginia results in binding precedent upon the Court of Appeals for the precise issue raised in the appeal and resolved "on the merits." Given the holdings cited above, the Attorney General's position is not

without merit; however, the difficulty comes in application of the rule.

In <u>Rogers</u>, the Supreme Court of Virginia stated only:

> Upon review of the record in this case and consideration of the argument submitted in support of the granting of an appeal, the Court refuses the petition for appeal.

Accepting that the petition was refused "on the merits," in order to discern any precedential effect of the denial, the "precise issue" that formed the basis for the denial must be determined. The Supreme Court of Virginia is silent on this issue. The Court could have found error but found it to be harmless, which would, nonetheless, be a decision "on the merits." We cannot speculate concerning the "precise issue" that served as the basis for the denial of the writ of error in <u>Rogers</u>.

We hold that, to the extent it can be determined by the plain language of an order of the Supreme Court of Virginia denying a petition for writ of error that a "precise issue" has been decided "on the merits," the holding is binding on the Court of Appeals in future cases raising the same issue. Here, we are unable to determine the "precise issue" addressed by the Supreme Court in <u>Rogers</u>; consequently, we reject the Attorney General's contention that the denial of a writ of error by the Supreme Court creates binding precedent in the case before us today.

## VI.  CONCLUSION

We hold that the court did not err in allowing a witness to identify Bowman as the man depicted in video surveillance tapes, and we affirm his convictions.

<u>Affirmed.</u>