COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Annunziata and Agee


WAYNE MAURICE SCOTT

MEMORANDUM OPINION[*] BY

v.    Record No. 1589-00-3    CHIEF JUDGE JOHANNA L. FITZPATRICK
MAY 29, 2001

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
Richard C. Pattisall, Judge

(Thomas E. Wray, on brief), for appellant.
Appellant submitting on brief.

(Mark L. Earley, Attorney General;
Kathleen B. Martin, Assistant Attorney
General, on brief), for appellee.  Appellee
sumitting on brief.


Wayne Maurice Scott (appellant) was convicted in a jury trial

of rape, in violation of Code § 18.2-61(A), and robbery, in

violation of Code § 18.2-58.  On appeal, he contends that the

evidence was insufficient to convict him of either crime because

the eyewitness testimony was inherently incredible and the other

evidence was not sufficient to identify him as the perpetrator of

the crimes.[1]  Because appellant failed to object to the

introduction of the identification evidence and failed to move to

---

* Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

[1] Other than with respect to identification, appellant does
not challenge the sufficiency of the evidence.

strike the evidence or set aside the verdict on this ground, Rule

5A:18 bars our consideration of his insufficient evidence claim.

Rule 5A:18 provides:

> No ruling of the trial court . . . will be
> considered as a basis for reversal unless
> the objection was stated together with the
> grounds therefor at the time of the ruling,
> except for good cause shown or to enable the
> Court of Appeals to attain the ends of
> justice.  A mere statement that the judgment
> or award is contrary to the law and the
> evidence is not sufficient to constitute a
> question to be ruled upon on appeal.

(Emphasis added).  "'To be timely, an objection must be made

when the occasion arises--at the time the evidence is offered or

the statement made.'"  Bowman v. Commonwealth, 30 Va. App. 298,

301, 516 S.E.2d 705, 707 (1999) (quoting Marlowe v.

Commonwealth, 2 Va. App. 619, 621, 347 S.E.2d 167, 168 (1986)).

Objections to identification evidence must be made by "motion or

objection either before or at the time the identification

evidence was unfolded to the jury."  Poole v. Commonwealth, 211

Va. 258, 259, 176 S.E.2d 821, 822 (1970) (holding that an

accused waives all objections to identification evidence when

the accused waits until the Commonwealth has rested its case

before challenging the admissibility of identification

evidence).  In the instant case, appellant made no objection

when Jennifer Schuder (Schuder), the victim of the rape and

robbery, identified him in court during the trial.  Nor did

appellant object when Schuder testified that she identified

-

appellant during a "live line-up" at the courthouse shortly after the rape and robbery.  Appellant also did not object when Sue Rubeiz testified that Schuder identified appellant during the "live line-up."  Thus, we hold that appellant failed to timely object to the identification evidence.

 Appellant cannot rely upon his motions to strike the evidence or his motion to set aside the verdict.  A motion to strike the evidence or to set aside the verdict must specify the grounds upon which the motion is based.  See Marshall v. Commonwealth, 26 Va. App. 627, 637, 496 S.E.2d 120, 124 (1998); Redman v. Commonwealth, 25 Va. App. 215, 220, 487 S.E.2d 269, 272 (1997).  In the instant case, appellant failed to specify the grounds upon which his motions were based.  At the end of the Commonwealth's evidence appellant "move[d] to strike the evidence for the Record."  He provided no other basis and did not make an argument to the court explaining his motion.  At the end of all the evidence appellant again "move[d] to strike the evidence for the Record."  Again he did not provide a basis for the motion or offer any further argument or explanation to the court for his motion.  After the jury returned a verdict, the following colloquy took place between the trial court and appellant's trial counsel:

> MR. MAYNARD:  I have a motion to set aside the verdict, excuse me, a motion to set aside the judgment, notwithstanding the verdict.

-

THE COURT:  All right, and what are your grounds for that, Mr. Maynard?

MR. MAYNARD:  For the Record, Your Honor.

Appellant offered no further argument or explanation of the basis for his motion.  Appellant's sole basis in all three motions was "for the Record."  "For the record" is not a ground for a motion.  Appellant's motion is identical to a "motion to strike the evidence" or a "motion to set aside the verdict" where counsel has not included the phrase "for the record."  If the motion is made in court or by written motion then it is "on the record," adding the phrase "for the record" to the motion has no effect on whether the motion is a part of the record or on the validity of the motion.  Appellant has made nothing more than a general "motion to strike" and a general "motion to set aside the verdict."  Therefore, although appellant moved to strike the evidence at the end of the Commonwealth's evidence, renewed his motion at the end of all the evidence and made a motion to set aside the verdict, he failed to specifically assert that the evidence was insufficient to prove that he was the person who committed the crimes or offer any other grounds of error, as required to preserve the issue for appeal.

Furthermore, we cannot excuse appellant's failure to properly object or make a sufficient motion to strike so as to invoke the "ends of justice" exception because the record does not show that appellant "was convicted for conduct that was not

-

a criminal offense or . . . that an element of the offense did not occur." Redman, 25 Va. App. at 222, 487 S.E.2d at 273. For the reasons set forth above, we hold that Rule 5A:18 bars our review of the sufficiency of the evidence regarding the identification of appellant as the person who committed the robbery and rape. Accordingly, we affirm both convictions.

Affirmed.

-