COURT OF APPEALS OF VIRGINIA

Present:   Judges Huff, Chafin and Decker
Argued at Richmond, Virginia

UNPUBLISHED

PHILLIP ALLEN HARRINGTON

MEMORANDUM OPINION* BY
v.        Record No. 0561-13-2                    JUDGE GLEN A. HUFF
                                                  JANUARY 21, 2014
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF COLONIAL HEIGHTS
Herbert C. Gill, Jr., Judge

John A. Kirkland for appellant.

Aaron J. Campbell, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Phillip Allen Harrington ("appellant") appeals his convictions of credit card theft, in

violation of Code § 18.2-192, and credit card forgery, in violation of Code § 18.2-193.  On

appeal, appellant contends that the Circuit Court of the City of Colonial Heights ("trial court")

erred in finding the evidence sufficient to identify appellant as the perpetrator of the crimes.  For

the following reasons, this Court affirms appellant's convictions.

I.  BACKGROUND

On appeal, "'we consider the evidence and all reasonable inferences flowing from that

evidence in the light most favorable to the Commonwealth, the prevailing party at trial.'"

Williams v. Commonwealth, 49 Va. App. 439, 442, 642 S.E.2d 295, 296 (2007) (*en banc*)

(quoting Jackson v. Commonwealth, 267 Va. 666, 672, 594 S.E.2d 595, 598 (2004)).  So viewed,

the evidence is as follows.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On May 22, 2012, Kayla Bessant ("Bessant") went to a Denny's restaurant where appellant, a young male with black, wide-framed glasses, served as her waiter. After her meal, Bessant gave her credit card to appellant to pay her check, but appellant never returned the credit card to Bessant. A few days later, Bessant discovered an unauthorized charge for $153.45 on her bank statement from a local Wal-Mart.

Bessant reported the incident to the Colonial Heights Police Department, and Officer David Gallagher ("Gallagher") went to the Wal-Mart to investigate. Gallagher viewed a Wal-Mart surveillance video from May 29, 2011, which showed a young male with black, wide-framed glasses and a black hat using Bessant's credit card. Gallagher subsequently obtained and executed a search warrant of appellant's residence.

During the execution of the warrant, Gallagher found a black hat in appellant's room that was similar to the one worn by the suspect in the Wal-Mart surveillance video. He further found Sparkle brand paper towels in a closet located in appellant's living room, which was one of the unauthorized items purchased with Bessant's credit card. Gallagher testified that he was unable to locate any of the other items bought with Bessant's credit card in appellant's apartment.

Gallagher then interviewed appellant and showed him photographs of the suspect taken from the Wal-Mart surveillance video. Appellant denied having any involvement in the crimes and indicated that he did not know the person in the photographs. Gallagher then asked appellant to put on his glasses, which were black with wide frames, because they were similar to the glasses worn by the suspect in the video. Appellant complied, and Gallagher said, "[t]hat's you," but appellant continued to deny that it was him in the photographs.

At appellant's bench trial, the Wal-Mart surveillance video was played for the trial court, and Gallagher testified that the suspect in the video matched appellant's description. At the close of the Commonwealth's evidence, appellant moved to strike the evidence as insufficient to

identify appellant as the perpetrator of the crime. The trial court denied the motion. Testifying on his own behalf, appellant initially stated that he did not recall serving Bessant at the Denny's on the day in question. Soon thereafter, however, appellant testified that he remembered giving Bessant her credit card back after she paid for her meal and denied using it to purchase anything at Wal-Mart. The trial court found appellant guilty of credit card theft and credit card forgery, stating that the evidence was "somewhat overwhelming." This appeal followed.

## II. STANDARD OF REVIEW

In a challenge to the sufficiency of the evidence, "we 'presume the judgment of the trial court to be correct,' and 'will not set it aside unless it is plainly wrong or without evidence to support it.'" Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002) (quoting Broom v. Broom, 15 Va. App. 497, 504, 425 S.E.2d 90, 94 (1992); Dodge v. Dodge, 2 Va. App. 238, 242, 343 S.E.2d 363, 365 (1986)). The reviewing court, under this standard, does not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318-19 (1979) (citation omitted). Instead, the reviewing court asks whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319 (emphasis in original).

Moreover, "[c]ircumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983). "While no single piece of evidence may be sufficient, the 'combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to [the] conclusion'" that the defendant is guilty. Stamper v. Commonwealth, 220 Va. 260, 273, 257 S.E.2d 808, 818 (1979) (quoting Karnes v. Commonwealth, 125 Va. 758, 764, 99 S.E. 526, 564 (1919)).

### III.  ANALYSIS

On appeal, appellant contends that the trial court erred in finding the evidence sufficient to convict him of credit card theft and credit card forgery.  Specifically, appellant argues the evidence was insufficient to establish that appellant was the perpetrator of the crimes.

The Commonwealth bears the burden of proving each and every element of the alleged crimes beyond a reasonable doubt.  Harvard v. Commonwealth, 5 Va. App. 468, 470, 364 S.E.2d 511, 512 (1988).  Furthermore, the Commonwealth must "prove beyond a reasonable doubt that . . . the accused [is] the perpetrator of the crime[s]."  Boykins v. Commonwealth, 210 Va. 309, 312, 170 S.E.2d 771, 773 (1969).  In the present case, the Commonwealth has met that burden.  While each piece of the Commonwealth's evidence may be insufficient by itself, all of the evidence considered together "may lead a reasonable mind irresistibly to [the] conclusion" that appellant was the perpetrator of the crimes.  Stamper, 220 Va. at 273, 257 S.E.2d at 818.

First, the evidence established that Bessant gave her credit card to appellant, but never got it back.  While it is true that appellant testified that he remembers returning the credit card to Bessant, conflicts of testimony are resolved by the fact finder, and the trial court in the present case resolved the conflict in favor of Bessant.  See City of Bedford v. Zimmerman, 262 Va. 81, 86, 547 S.E.2d 211, 214 (2001) (Conflicts in the evidence are resolved by the fact finder, and such conflicts are not revisited on appeal unless "'the evidence is such that reasonable [persons], after weighing the evidence and drawing all just inferences therefrom, could reach but one conclusion.'" (quoting J & E Express, Inc. v. Hancock Peanut Co., 220 Va. 57, 62, 255 S.E.2d 481, 485 (1979))).

Then, a week after appellant failed to return Bessant's credit card, unauthorized charges appeared on Bessant's bank statement.  During Gallagher's investigation of the incident, he viewed the Wal-Mart's surveillance tape, which showed the person who used Bessant's credit

card at Wal-Mart. Gallagher testified that the person in the surveillance tape was a young male with black, wide-framed glasses. See Bowman v. Commonwealth, 30 Va. App. 298, 302, 516 S.E.2d 705, 707 (1999) (holding that the trial court did not err in allowing a witness to make an identification of a person he saw on a videotape).

Then, when executing the search warrant of appellant's residence, the police found a black hat in appellant's bedroom that was similar to the one worn by the suspect in the surveillance video. Furthermore, the police found Sparkle brand paper towels in a closet in appellant's living room, which was one of the items purchased from Wal-Mart with Bessant's stolen credit card.

Finally, this Court notes that appellant made inconsistent statements while testifying. Initially, appellant testified that he did not remember waiting on Bessant at Denny's as there were so many customers in the restaurant that day. Soon thereafter, however, appellant testified that he specifically remembered giving Bessant her credit card back after she paid for her meal. The trial court was entitled to evaluate the reasonableness of appellant's story, disbelieve self-serving statements, and infer that appellant was lying to conceal his guilt. See Carter v. Commonwealth, 223 Va. 528, 532, 290 S.E.2d 608, 610 (1981) (holding that the fact finder need not believe a defendant's explanation and may infer that he is trying to conceal guilt); see also Rollston v. Commonwealth, 11 Va. App. 535, 548, 399 S.E.2d 823, 831 (1991) ("A defendant's false statements are probative to show he is trying to conceal his guilt, and thus are evidence of his guilt.").

Accordingly, after considering all of the evidence, this Court finds that the trial court's judgment was not "plainly wrong or without evidence to support it." Broom, 15 Va. App. at 504, 425 S.E.2d at 94.

## IV. CONCLUSION

For the foregoing reasons, the trial court did not err in finding the evidence was sufficient to identify appellant as the perpetrator of the crime. Therefore, this Court affirms the judgment of the trial court.

Affirmed.