COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Decker, Malveaux and Senior Judge Clements
Argued at Richmond, Virginia


STERLING CAPERS, S/K/A
  STERLING BERNARD CAPERS

                                                    MEMORANDUM OPINION[*]
v.      Record No. 1893-16-2                JUDGE JEAN HARRISON CLEMENTS
                                                    OCTOBER 31, 2017

COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                              Beverly W. Snukals, Judge

              Samantha Offutt Thames, Assistant Public Defender, for appellant.

              Virginia B. Theisen, Senior Assistant Attorney General (Mark R.
              Herring, Attorney General, on brief), for appellee.


        In a jury trial, Sterling Capers (appellant) was convicted of robbery.  On appeal, appellant

argues the trial court erred:  1) in refusing his proposed jury instructions regarding the

consideration of eyewitness identification testimony; 2) in denying his motions to strike the

evidence because it was insufficient to prove his guilt beyond a reasonable doubt; and, 3) in

denying his motion to exclude the testimony of Angela Taylor.  We find no error on the part of

the trial court and affirm appellant's conviction.

                                        BACKGROUND

        "On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth,

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App.

438, 443, 358 S.E.2d 415, 418 (1987)).

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On the night of August 9, 2015, Cyrus Kingdom was working as a clerk at a Walgreen's store on Chamberlayne Avenue in Richmond. A few minutes before closing time, a man approached the check-out counter and purchased a candy bar. After Kingdom handled the sale, the man said he wanted to buy another candy bar. When Kingdom opened the cash register drawer to complete the transaction, the man reached across the counter and put his hand in the drawer. Kingdom grabbed at the man's hand. The man then pushed Kingdom's torso down and pinned him on the counter. Although Kingdom could not see it, he could hear the man grabbing money from the drawer. The man released Kingdom and left the store. By telephone, Kingdom immediately notified store management and the police about the incident.

Kingdom provided the police with a description of the assailant. Kingdom said the robber was an African-American male who was between the ages of forty-five and sixty, was about six feet to six feet two inches in height, and weighed one hundred fifty to one hundred eighty pounds. Kingdom said the assailant had long facial stubble, "salt and pepper" hair, and brown eyes that were yellowed. The man had worn a white t-shirt and jean shorts.

Two days after the robbery, the police showed Kingdom a photographic lineup containing eight pictures of African-American males. Appellant's photograph was contained in the lineup. Police officers who knew appellant was the suspect displayed the photos to Kingdom sequentially. Kingdom indicated appellant might be the perpetrator. After viewing the photos further, Kingdom identified appellant as the perpetrator and said he was ninety-five percent certain about his selection.

At trial, the Commonwealth introduced and played for the jury video recordings from Walgreen's surveillance camera system. In the video, the assailant was shown as he entered the store, committed the robbery, and left the store. At trial, Kingdom, a Caucasian, identified appellant as the person who committed the robbery.

Taylor was the manager of the Walgreen's store where the robbery occurred, but she was not there when it happened. Taylor was familiar with appellant because he was in the store frequently. Taylor had seen appellant in the store five times or more in the month preceding the robbery. In addition, while driving in the vicinity of the store, Taylor had seen appellant about six times on neighboring streets.

At trial, Taylor viewed the video footage of the robbery from the store's surveillance camera. Taylor identified appellant as the person who robbed Kingdom. The trial court denied appellant's motion to exclude Taylor's testimony regarding the videotape on grounds that it was hearsay, was irrelevant, and was not sufficiently founded upon personal knowledge.

Appellant asked the trial court to grant one of three proposed jury instructions regarding the jury's consideration of eyewitness identification testimony. The most comprehensive of the three instructions contained five categories of factors the jury could consider in evaluating eyewitness identification testimony. Each category contained specific circumstances for the jury's consideration, such as "the amount of time the witness had to observe the person committing the crime," "whether the witness and the person committing a crime were of different races," and "whether the witness made the identification after being exposed to any outside influences or information." The trial court rejected appellant's proposed instructions on

eyewitness identification.  However, the trial court granted model jury instructions regarding the credibility of witnesses and the Commonwealth's burden of proof.[1]

ANALYSIS

Jury Instructions

Appellant argues on appeal that the trial court erred in denying his proposed instructions on eyewitness identification because they were supported by the evidence and were founded on established principles of law and science.[2]

_____

[1] Instruction 2 stated:

> You are the judges of the facts, the credibility of the witnesses and the weight of the evidence.  You may consider the appearance and manner of the witnesses on the stand, their intelligence, their opportunity for knowing the truth and for having observed the things about which they testified, their interest in the outcome of the case, their bias, if any has been shown, and their prior inconsistent statements or whether they have knowingly testified untruthfully as to any material fact in the case.
>
> You may not arbitrarily disregard believable testimony of any witness.  However, after you have considered all the evidence in the case, then you may accept or discard all or part of the testimony of a witness as you think proper.
>
> You are entitled to use your common sense in judging any testimony.  From these things and all the other circumstances of the case, you may determine which witnesses are more believable and weigh their testimony accordingly.

Instruction 4 stated:

> The Commonwealth bears the burden of proving beyond a reasonable doubt the identity of the defendant as the person who committed the crimes charged.  If the Commonwealth has not met this burden, you must find the defendant not guilty.

[2] Appellant also argues the trial court erred in relying on facts not in evidence in denying the proposed instructions.  After the trial court stated its reasons for rejecting the instructions, appellant did not argue that the trial court had relied upon facts that were not in evidence.  Under Rule 5A:18, "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause

"Whether to give or deny jury instructions 'rest[s] in the sound discretion of the trial court.'" Hilton v. Commonwealth, 293 Va. 293, 302, 797 S.E.2d 781, 786 (2017) (quoting Cooper v. Commonwealth, 277 Va. 377, 381, 673 S.E.2d 185, 187 (2009)). "A reviewing court's responsibility in reviewing jury instructions is 'to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises.'" Darnell v. Commonwealth, 6 Va. App. 485, 488, 370 S.E.2d 717, 719 (1988) (quoting Swisher v. Swisher, 223 Va. 499, 503, 290 S.E.2d 856, 858 (1982)). Moreover, a jury instruction "may not 'single out for emphasis a part of the evidence tending to establish a particular fact.'" Terry v. Commonwealth, 5 Va. App. 167, 170, 360 S.E.2d 880, 882 (1987) (quoting Woods v. Commonwealth, 171 Va. 543, 548, 199 S.E. 465, 467 (1938)). "When granted instructions fully and fairly cover a principle of law, a trial court does not abuse its discretion in refusing another instruction relating to the same legal principle." Daniels v. Commonwealth, 275 Va. 460, 466, 657 S.E.2d 84, 87 (2008) (quoting Stockton v. Commonwealth, 227 Va. 124, 145, 314 S.E.2d 371, 384 (1984)).

---

shown or to enable the Court of Appeals to attain the ends of justice." "One of the tenets of Virginia's jurisprudence is that trial counsel must timely object with sufficient specificity to an alleged error at trial to preserve that error for appellate review." Perry v. Commonwealth, 58 Va. App. 655, 666, 712 S.E.2d 765, 771 (2011). Because the requirements of Rule 5A:18 have not been met, we will not consider this aspect of appellant's argument on appeal.

> Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions. See e.g., Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail oneself of the exception, a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred." (emphasis added)). We will not consider, *sua sponte*, a "miscarriage of justice" argument under Rule 5A:18.

Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

In Daniels, 275 Va. at 464, 657 S.E.2d at 86, the Supreme Court of Virginia observed that

"[c]ourts have long recognized dangers inherent in eyewitness identification testimony."

> [S]ome state and federal courts, citing continued research on
> eyewitness identification, have opined that courts should guard
> against a jury assuming that admitted eyewitness identification
> testimony is unquestionably reliable and credible simply because it
> was admitted in evidence.  Accordingly, these jurisdictions have
> allowed a specific jury instruction alerting the jury to the dangers
> of eyewitness identification testimony both with regard to the
> circumstances of the identification and the possibility of a sincere
> mistake in identification.  In some jurisdictions, such instructions
> are required in cases in which the defendant requests the
> instruction and identification of the defendant is a central part of
> the prosecution's case.  In others, such cautionary instructions are
> permissible, but not required, if the circumstances warrant.

Id. at 465, 657 S.E.2d at 86 (citations omitted).  Nonetheless, the Court found that, in Virginia,

"[w]e have not adopted a rule . . . which requires a cautionary instruction on eyewitness

identification in every case in which it is requested and the identification of the defendant is

central to the prosecution's case."[3]  Id.  But "[n]either have we opined that such an instruction

would never be appropriate, nor that a court would abuse its discretion by granting such an

instruction."  Id.

In Payne v. Commonwealth, 292 Va. 855, 794 S.E.2d 577 (2016), the Court considered

whether the trial court erred in refusing a proffered jury instruction on eyewitness identification

modeled upon an instruction discussed in United States v. Telfaire, 469 F.2d 552 (D.C. Cir.

1972).  The Court observed that

> the very specificity of Payne's instruction counseled against its
> use, in the form and using the precise language he proffered.  The
> proffered instruction would have focused the jury's attention on
> four enumerated factors, thereby suggesting that those four factors
> were exclusive or at least entitled to special consideration or undue
> weight.  While it may be appropriate during closing argument for

---

[3] Appellant maintains that Daniels was wrongly decided.  However, "we are bound by the decisions of the Supreme Court of Virginia and are without authority to overrule [them]."  Roane v. Roane, 12 Va. App. 989, 993, 407 S.E.2d 698, 700 (1991).

> each party to focus the jurors' attention on the evidence it prefers them to consider during their deliberations, it is not appropriate for the court to do so in a jury instruction because, under the law of Virginia, the jury is free to weigh the evidence how it chooses.

Payne, 292 Va. at 871, 794 S.E.2d at 585. The Court reaffirmed the holding in Daniels that it is within the trial court's discretion to deny an instruction on eyewitness identification. Id. at 872, 794 S.E.2d at 586.

As in Payne, the trial court granted, as Instruction 2, the Virginia model jury instruction concerning the jury's role in judging the credibility of witnesses. The jury was appropriately instructed regarding the Commonwealth's burden of proving appellant's identity beyond a reasonable doubt, as well as on the presumption of innocence. The granted instructions given by the trial court thus addressed the theory of the defense that the eyewitness testimony lacked credibility. As such, granting one of appellant's proposed instructions would have been duplicative. We find no abuse of discretion in the trial court's decision to deny appellant's proffered instructions on eyewitness identification.

### Sufficiency of the Evidence

Appellant argues the Commonwealth's evidence did not prove beyond a reasonable doubt that he was the person who robbed Kingdom. "When considering on appeal the sufficiency of the evidence presented below, we 'presume the judgment of the trial court to be correct' and reverse only if the trial court's decision is 'plainly wrong or without evidence to support it.'" Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*) (quoting Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002)). "On appeal, we will consider the evidence in the light most favorable to the Commonwealth, as it prevailed in the trial court." Whitehurst v. Commonwealth, 63 Va. App. 132, 133, 754 S.E.2d 910, 910 (2014).

"The factors set forth in Neil v. Biggers, 409 U.S. 188 (1972), are used to determine 'whether the identification evidence is sufficient, standing alone or in combination with other evidence, to prove beyond a reasonable doubt' the identity of the perpetrator." Cuffee v. Commonwealth, 61 Va. App. 353, 364, 735 S.E.2d 693, 698 (2013) (quoting Brown v. Commonwealth, 37 Va. App. 507, 522, 559 S.E.2d 415, 423 (2002)).

> [T]he factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation.

Biggers, 409 U.S. at 199-200. "In evaluating the reliability of the identification, this Court looks to the totality of the circumstances." Cuffee, 61 Va. App. at 364, 735 S.E.2d at 699.

Kingdom testified that the perpetrator approached the counter and completed the purchase of a candy bar. He then said he wanted to buy a second piece of candy. When Kingdom opened the cash drawer, the man put his hand in the drawer and pushed Kingdom down on the counter. Although he was unable to view the assailant while he was taking the money, Kingdom saw the robber both before the incident and after it as the perpetrator fled.

At trial, the Commonwealth introduced the store's videotape of the incident. The surveillance camera system recorded the event from two vantage points in the store, one at the door and one above the cash register. The footage shows that the store was well-lit. The recording also demonstrates that the perpetrator and Kingdom were close to each other before and during the robbery. Kingdom viewed this recording and identified appellant as the person seen committing the offense. Likewise, Taylor, who was familiar with appellant from seeing him inside the store and in the neighborhood, viewed the videotape and identified appellant.

After the police arrived on the scene, Kingdom provided a detailed description of his assailant. Kingdom had noted the robber's clothing, height and weight, approximate age, and

overall appearance. Two days after the robbery, Kingdom selected appellant's photograph from a lineup. Kingdom was ninety-five percent certain he had correctly identified appellant. Contrary to appellant's suggestion, there was no indication that the identification was the product of a suggestive procedure employed by the police.[4]

Considering all the facts and circumstances, and applying the factors in Biggers, the evidence was sufficient to prove beyond a reasonable doubt that appellant was the person who committed the robbery.

Admissibility of Taylor's Testimony

Appellant contends the trial court erred in denying his motion to exclude Taylor's testimony regarding her observations on the videotape. "The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion. Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988).

Appellant contends Taylor's testimony was inadmissible hearsay. "Hearsay is '[a] statement other than one made by the declarant while testifying at trial -- which is offered in evidence to prove the truth of the matter asserted.'" Brown v. Commonwealth, 25 Va. App. 171, 177, 487 S.E.2d 248, 251 (1997) (*en banc*) (quoting Black's Law Dictionary 649 (5th ed. 1979)). "This Court has previously recognized that where 'there is no out-of-court asserter,' there can be no hearsay." Bynum v. Commonwealth, 57 Va. App. 487, 491, 704 S.E.2d 131, 133 (2011) (quoting Tatum v. Commonwealth, 17 Va. App. 585, 588, 440 S.E.2d 133, 135 (1994)). In Bynum, this Court held that a witness' testimony about information depicted in an aerial photograph prepared by another person did not constitute hearsay. Id. at 495, 704 S.E.2d at 135.

---

[4] We note that appellant did not move to suppress Kingdom's out-of-court identification as being the product of an overly suggestive procedure employed by the police.

In so finding, the Court determined the photograph was not an "out-of-court declarant" in that "[i]t is not the recordation or compilation of another human being's assertions [or] . . . a communication of input from another person. Rather, it is simply a technological reproduction of an existing reality." Id. at 492, 704 S.E.2d at 133. Accordingly, we determined that "[s]ince this aerial photograph is not a declaration of any person, it cannot be said that a witness using the photograph is 'reading' the 'assertions' of an out-of-court declarant." Id. at 492, 704 S.E.2d at 134.

Similarly, Taylor's testimony regarding the events depicted in the surveillance video did not constitute hearsay. Taylor testified regarding what she personally observed on the video at the time of the offense. Because the surveillance video was not an assertion by an out-of-court declarant, it follows that Taylor's testimony was not a mere recitation of a third party's assertion. Rather, Taylor's testimony described a "technological reproduction of an existing reality." Bynum, 57 Va. App. at 492, 704 S.E.2d at 133. Accordingly, the trial court did not err in refusing to exclude Taylor's testimony on hearsay grounds.

Appellant contends that, because Taylor was not present when the crime occurred, Taylor's testimony about the contents of the videotape was irrelevant and not based upon her personal knowledge of what happened during the incident.

> Evidence is relevant if it has any logical tendency to prove an issue in a case. Relevant evidence may be excluded only if the prejudicial effect of the evidence outweighs its probative value. The question whether the prejudicial effect of evidence exceeds its probative value lies within the trial court's discretion.

Goins v. Commonwealth, 251 Va. 442, 461-62, 470 S.E.2d 114, 127 (1996) (citation omitted). Virginia Rule of Evidence 2:602 provides in pertinent part:

> A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal

knowledge may, but need not, consist of the testimony of the witness.

As the manager of Walgreen's, Taylor was familiar with the store's interior. She obtained for the police the surveillance footage that corresponded to the time the robbery occurred. Taylor also was familiar with appellant's appearance, having seen him often inside the store and in the neighboring vicinity. Taylor viewed the tape, and identified appellant as the person she saw committing the robbery. Thus, Taylor's testimony was both relevant, as tending to establish appellant's guilt of the crime, and based upon her own personal knowledge.

Finally, acknowledging he did not raise this issue at trial, appellant asks this Court to invoke the ends of justice exception to Rule 5A:18 and consider whether Taylor's testimony constituted an inadmissible opinion on an ultimate issue in the case. "In order to avail oneself of the [ends of justice] exception [to Rule 5A:18], a defendant must affirmatively show that a miscarriage of justice has occurred . . . ." Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997).

> As our Supreme Court has stated, application of the ends of justice exception "requires a determination not only that there was error . . . but also that application of the exception is necessary to avoid a grave injustice." Charles v. Commonwealth, 270 Va. 14, 20, 613 S.E.2d 432, 434 (2005). This occurs only in "rare instances." Ball v. Commonwealth, 221 Va. 754, 758, 273 S.E.2d 790, 793 (1981).

Lacey v. Commonwealth, 54 Va. App. 32, 46, 675 S.E.2d 846, 853 (2009).

In Bowman v. Commonwealth, 30 Va. App. 298, 303, 516 S.E.2d 705, 707 (1999), this Court found that the trial court did not err in permitting a witness to identify the defendant as the man depicted in a video surveillance tape. This Court reasoned that "'[u]ltimate issues of fact' for purposes of the conviction of a crime are the statutory elements of that offense," not the identity of the perpetrator. Id. Therefore, this is not one of the rare instances where we invoke the ends of justice exception and consider the argument raised for the first time on appeal.

## CONCLUSION

For the foregoing reasons, we affirm appellant's conviction.

<u>Affirmed.</u>