COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Beales and Decker
Argued by teleconference

UNPUBLISHED

TRAVIOUS MARQUE BAILEY

MEMORANDUM OPINION[*] BY
v.     Record No. 0932-14-1          JUDGE ROBERT J. HUMPHREYS
APRIL 7, 2015

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
Robert W. Curran, Judge

Anthony J. Balady, Jr., for appellant.

Aaron J. Campbell, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Travious Marque Bailey ("Bailey") appeals the final judgment entered by the Circuit

Court for the City of Suffolk (the "trial court") for his conviction of grand larceny of a heating

and air conditioning unit ("the unit") in violation of Code § 18.2-95. For the following reasons,

we affirm the judgment of the trial court.

In support of his appeal, Bailey offers the following three assignments of error:

1. The trial court erred when it denied Defendant's motion to
   strike the evidence of grand larceny, as the evidence showed
   that the heating and air conditioning unit was entrusted and
   delivered to the Defendant in the course of his employment and
   that no trespassory taking occurred.

2. The trial court erred when it found Defendant guilty of grand
   larceny, as Defendant presented a reasonable hypothesis of
   innocence that was not excluded by the evidence.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

3. The trial court erred in finding the evidence sufficient to support a larceny conviction, as the Commonwealth's evidence supported a theory of embezzlement instead of larceny, and neither the Court nor the Commonwealth stated their reliance on an embezzlement theory of the case.

On appeal, "[w]hat the elements of the offense are is a question of law that we review *de novo*." Lawlor v. Commonwealth, 285 Va. 187, 223-24, 738 S.E.2d 847, 868 (2013). "Whether the evidence adduced is sufficient to prove each of those elements is a factual finding, which will not be set aside on appeal unless it is plainly wrong." Id. In reviewing that factual finding, we consider the evidence in the light most favorable to the Commonwealth and give it the benefit of all reasonable inferences fairly deducible therefrom. Commonwealth v. McNeal, 282 Va. 16, 20, 710 S.E.2d 733, 735 (2011) (citations omitted). We do not "substitute our judgment for that of the trier of fact." Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002). "Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).

## A. Trespassory Taking

Bailey's first assignment of error claims that because Bailey received the unit in the scope of his employment, no trespassory taking occurred. We disagree. Under Code § 18.2-95, "grand larceny includes the taking, not from the person of another, of goods that have a value of $200 or more." Commonwealth v. Taylor, 256 Va. 514, 518, 506 S.E.2d 312, 314 (1998). A conviction of larceny requires proof beyond a reasonable doubt of the defendant's intent to steal, which must accompany his taking of the property. Bryant v. Commonwealth, 248 Va. 179, 183, 445 S.E.2d 667, 670 (1994) (citations omitted).

The Virginia Supreme Court has held that the "owner of personal property may deliver it to another upon conditions, or in circumstances, which give the recipient bare custody of the

property. Constructive possession remains in the owner." Pritchard v. Commonwealth, 225 Va. 559, 562, 303 S.E.2d 911, 913 (1983). The Court provided several examples including, "a watch handed to a friend to time a race, the owner expecting its return at the end of the race" or "clothing handed to a customer in a clothing store, to try on for size, the owner expecting it to be returned if rejected, paid for if accepted." Id. The Court held that "if the property is carried away before the condition is performed, with the intent to steal it from the owner, the act becomes larceny." Id. Alternatively, when the true owner "gives consent to a temporary possession or a possession for a limited purpose, the expiration of that qualification creates a constructive revestment of possession in the true owner with 'bare charge or custody' in the other person. A violation of the owner's possessory right constitutes a trespassory taking." Overstreet v. Commonwealth, 17 Va. App. 234, 236, 435 S.E.2d 906, 908 (1993) (quoting 50 Am. Jur. 2d Larceny § 23 (1970)).

The record, viewed in the light most favorable to the Commonwealth, demonstrates that Bailey exercised control over the unit against the true owner's, Rohit Ahluwalia ("Ahluwalia"), possessory right. First, Bailey offered several different explanations as to what happened to the unit. Bailey first told Ahluwalia that his friend "Mike" had the unit and was getting a needed part and that the unit would be installed in a couple of days. Bailey later told Ahluwalia and Robert Bowles ("Bowles"), one of Ahluwalia's maintenance employees, that the police had confiscated the unit and arrested his friend "Mike" because the unit had been previously stolen. On two occasions, Bailey, purporting to be "Sergeant Boyd" of the Suffolk Police Department (a fictitious character) answered Bowles's phone call and later told Bowles that he was trying to get Ahluwalia back for something and hung up. Despite talking to Detective Loury of the Suffolk Police Department, who was investigating the whereabouts of the unit, Bailey never contacted Detective Loury or made any effort to return the unit.

There is ample evidence in the record to support a finding that Bailey's actions violated Ahluwalia's possessory right to the unit, and thus constituted a trespassory taking under both theories explained in Pritchard and Overstreet. First, consistent with the analysis of Pritchard, Bowles, in his capacity as a maintenance employee of Ahluwalia, relinquished custody of the unit to Bailey based solely on Bailey's representation that he would install the unit at Ahluwalia's rental property in Suffolk on June 2, 2013. As a result, Ahluwalia never relinquished constructive possession of the unit and Bailey, at most, had bare custody of the unit.

Alternatively, pursuant to the reasoning of Overstreet, the evidence clearly demonstrates that the unit was delivered to Bailey for the limited purpose of installing the unit at Ahluwalia's rental property. Bailey exceeded the limited purpose for which he possessed the unit when he transferred custody to his friend "Mike" and failed to install the unit on June 2, 2013, thus creating a constructive revestment of possession of the unit to its true owner, Ahluwalia. Consequently, the trial court did not err in concluding there was sufficient evidence to support Bailey's larceny conviction.

## B. Hypothesis of Innocence

Bailey's second assignment of error alleges that the evidence was insufficient to support his conviction because he "presented a reasonable hypothesis of innocence that was not excluded by the evidence." Specifically, Bailey claims that he transferred the unit to "Mike" for installation, who falsely told Bailey that the unit had been confiscated by the Suffolk Police Department. Bailey argues that this hypothesis of innocence was not excluded or impeached by any evidence offered by the Commonwealth at trial.

It is well established that "the reasonable-hypothesis principle is not a discrete rule unto itself." Haskins v. Commonwealth, 44 Va. App. 1, 8-9, 602 S.E.2d 402, 405-06 (2004). "The statement that circumstantial evidence must exclude every reasonable theory of innocence is

simply another way of stating that the Commonwealth has the burden of proof beyond a reasonable doubt." Commonwealth v. Hudson, 265 Va. 505, 513, 578 S.E.2d 781, 785 (2003). Thus, the principle "does not add to the burden of proof placed upon the Commonwealth in a criminal case." Id. It merely "reiterates the standard applicable to every criminal case." Pease v. Commonwealth, 39 Va. App. 342, 360, 573 S.E.2d 272, 280 (2002) (*en banc*) (citation omitted). Further, whether the hypothesis of innocence is reasonable is itself a "question of fact." Emerson v. Commonwealth, 43 Va. App. 263, 277, 597 S.E.2d 242, 249 (2004) (citation omitted). "Merely because defendant's theory of the case differs from that taken by the Commonwealth does not mean that every reasonable hypothesis consistent with his innocence has not been excluded. What weight should be given evidence is a matter for the [fact-finder] to decide." Miles v. Commonwealth, 205 Va. 462, 467, 138 S.E.2d 22, 27 (1964). The fact-finder is not required to believe all aspects of the testimony of a witness. Moyer v. Commonwealth, 33 Va. App. 8, 28, 531 S.E.2d 580, 590 (2000) (*en banc*). "[A] fact-finder, having rejected a defendant's attempted explanation as untrue, may draw the reasonable inference that his explanation was made falsely in an effort to conceal his guilt." Covil v. Commonwealth, 268 Va. 692, 696, 604 S.E.2d 79, 82 (2004) (citations omitted).

The trial court, as fact-finder, determined Bailey's testimony was not credible. The trial court explained, "The trouble with the defendant in this case is there's [sic] too many different stories given to too many different people. It causes serious question about his credibility." In addition to offering several different explanations as to what happened to the unit, Bailey pretended to be "Sergeant Boyd" and later told Bowles that he was trying to get Ahluwalia back for something. Bailey was also unable to provide any details about "Mike" even though he claimed that he was able to retrieve the unit from him at some point. Further, despite talking to

Detective Loury of the Suffolk Police Department about the unit's whereabouts, Bailey admitted that he did not contact Detective Loury or attempt to return the unit.

There is ample evidence in the record for a reasonable fact-finder to conclude that Bailey's testimony was not credible. Accordingly, the trial court did not err in rejecting Bailey's hypothesis of innocence.

### C. Proof of Embezzlement Sufficient to Sustain the Larceny Conviction

In his third assignment of error, Bailey argues that even if he converted the unit to his own use without the permission of Ahluwalia, such conversion is at most embezzlement, not larceny. Bailey concedes that under current law, proof of embezzlement is sufficient to sustain a larceny. He also acknowledges that his appeal as it relates to this assignment of error was not properly preserved pursuant to Rule 5A:18. However, he asks this Court to apply the ends of justice exception of Rule 5A:18 to consider this issue.

While Rule 5A:18 normally requires an objection to be raised in the trial court below to preserve an issue for appellate review, the Rule does permit this Court to "overlook the appellant's failure to preserve the issue and consider the merits of his argument for the first time on appeal if the ends of justice so demand." Brittle v. Commonwealth, 54 Va. App. 505, 512-13, 680 S.E.2d 335, 339 (2009). However, "the ends of justice exception is narrow and is to be used sparingly." Redman v. Commonwealth, 25 Va. App. 215, 220, 487 S.E.2d 269, 272 (1997). This high standard is essential to buttress the principle that "a litigant has the responsibility to afford a court the opportunity to consider and correct a perceived error before such error is brought to the appellate court for review." Williams v. Gloucester Sheriff's Dep't, 266 Va. 409, 411, 587 S.E.2d 546, 548 (2004) (citations omitted).

In order to avail oneself of the exception, a defendant must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage *might* have occurred. Mounce v.

Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987). The trial error must be "clear, substantial and material." Brown v. Commonwealth, 8 Va. App. 126, 132, 380 S.E.2d 8, 11 (1989). Further,

> an appellant must demonstrate more than that the Commonwealth *failed* to prove an element of the offense . . . [, i]n order to show that a miscarriage of justice has occurred . . . the appellant must demonstrate that he or she was convicted for conduct that was not a criminal offense or the record must affirmatively prove that an element of the offense did not occur.

Redman, 25 Va. App. at 221, 487 S.E.2d at 272.

Even if we accept Bailey's argument that he had possession, as opposed to custody of the unit and is therefore at most guilty of embezzlement, the evidence is still sufficient to support a larceny conviction pursuant to the embezzlement statute. Code § 18.2-111 provides, "[p]roof of embezzlement shall be sufficient to sustain the charge of larceny. Any person convicted hereunder shall be deemed guilty of larceny and may be indicted as for larceny." Because Bailey concedes that the evidence demonstrates that he is guilty of embezzlement by converting the unit to his own use, Bailey is guilty of a crime that would sustain a conviction under his indictment for larceny. Thus, applying the ends of justice exception to this issue would be inappropriate.

Concluding that there was sufficient evidence in the record to establish each element of grand larceny, we affirm the judgment of the trial court.

                                                                                    Affirmed.